Doc. #8, Affidavit in Support of a Motion for Relief from an Order, JAMES A WILLIAMS TRUST, 06/26/2013

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

JAMES A WILLIAMS TRUST
c/o Trustee PETER PAPOULIAS
4175 Breckenridge Court
Alpharetta, Georgia 30005
Tel:404-704-0898
peterpapoulias@hotmail.com

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL - 5 2013

JAMES N. HATTEN, CLERK
BY: [signature] Deputy Clerk

| | |
|---|---|
| JAMES A WILLIAMS TRUST | AFFIDAVIT IN SUPPORT OF A MOTION FOR RELIEF FROM AN ORDER |
| Plaintiff, | |
| | Case Number: 1:13-CV-01956 |
| v. | |
| | JUDGE ORINDA D. EVANS |
| FIFTH THIRD BANK, et al; | |
| | June 26, 2013 |
| Defendant(s), | |

**Affidavit in Support of a Motion for Relief from an Order:**

1. I am James Williams[1], grantor/beneficiary and real party of interest[2] for JAMES A WILLIAMS TRUST. I am one of the people as contemplated in the Preamble of the U.S. Constitution. I have personal knowledge of the following facts and am competent to testify as to the truth of these facts if called as a witness.

2. This affidavit is being presented to the court in support of a motion for relief from an order pursuant to Federal Rules of Civil Procedure, Rule 60 (b): Mistakes; Inadvertence; Excusable Neglect.

---

[1] "'Sovereignty' means that the decree of sovereign makes law, and foreign courts cannot condemn influences persuading sovereign to make the decree." [Moscow Fire Ins. Co. of Moscow, Russia v. Bank of New York & Trust Co., 294 N.Y.S. 648, 662, 161 Misc. 903.]

[2] Real Party In Interest, Fed. R. Civ. P. 17(a)

3.     Fed. R. Civ. P. Rule 60 (b): Mistake: The order issued on June 24, 2013 stated that "Trusts are not allowed to proceed pro se". The order references the following court cases to support the order:

Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985): ("[A] corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."). **Response:** JAMES A WILLIAMS TRUST is not a corporation[3].

In re Darren Buckner Living Trust, No. 12-70036-MHM, 2012 WL 5334749, at *1 (Bankr. N.D. Ga. Oct. 5, 2012) ("Additionally, a trust must be represented in this court by a licensed attorney."  **Response:** JAMES A WILLIAMS TRUST, EIN 98-6061213 is a sole proprietorship. There is no legal distinction between James Williams (owner) and JAMES A WILLIAMS TRUST (business trust):

**Title 26 CFR 301-7701-4** (b) Business trusts. There are other arrangements which are known as trusts because the legal title to property is conveyed to trustees for the benefit of beneficiaries, but which are not classified as trusts for purposes of the Internal Revenue Code because they are not simply arrangements to protect or conserve the property for the beneficiaries. These trusts, which are often known as business or commercial trusts, generally are <u>created by the beneficiaries simply as a device to carry on a profit-making business which normally would have been carried on through business organizations</u> that are classified as corporations or partnerships under the Internal Revenue Code.

However, the fact that the corpus of the trust is not supplied by the beneficiaries is not sufficient reason in itself for classifying the arrangement as an ordinary trust rather than as an association or partnership. The fact that any organization is technically cast in the trust form, by conveying title to property to trustees for the benefit of persons

---

[3] Plaintiff files 1041 tax returns at the end of the calendar year

2

58  designated as beneficiaries, will not change the real character of the organization if the
59  organization is more properly classified as a business entity under §301.7701–2.
60  **Title 26 CFR 7701-2.** Business entities. For purposes of this section and §301.7701–3, a
61  business entity is any entity recognized for federal tax purposes (including an entity with
62  a single owner that may be disregarded as an entity separate from its owner under
63  §301.7701–3) that is not properly classified as a trust under §301.7701–4 or otherwise
64  subject to special treatment under the Internal Revenue Code. A business entity with two
65  or more members is classified for federal tax purposes as either a corporation or a
66  partnership. **A business entity with only one owner** is classified as a corporation **or is
67  disregarded[4]; if the entity is disregarded, its activities are treated in the same
68  manner as a sole proprietorship**, branch, or division of the owner.

69      A sole proprietorship, also known as a sole trader or simply a proprietorship, **is a
70  type of business entity that is owned and run by one individual and in which there is
71  no legal distinction between the owner and the business.** Emphasis added. The
72  owner receives all profits (subject to taxation specific to the business) and has unlimited
73  responsibility for all losses and debts. Every asset of the business is owned by the
74  proprietor and all debts of the business are the proprietor's. This means that the owner has
75  no less liability than if they were acting as an individual instead of as a business. It is a
76  "sole" proprietorship in contrast with partnerships.

77  4.    Page 12 of the 1041 instructions: **"In general, a grantor trust is ignored for
78  income tax purposes and all of the income, deductions, etc. are treated as belonging
79  directly to the grantor. This also applies to any portion of the trust that is treated as
80  a grantor trust."** (see attached exhibit 'U')

81  5.    JAMES A WILLIAMS TRUST is a grantor trust recorded within the District of
82  Columbia, 26 C.F.R. 301-7701(a)(4), (a)(2) and is federally regulated by the Department
83  of the Treasury, Internal Revenue under 28 USC 671 – 679. JAMES A WILLIAMS

---

[4] See attached exhibit 'V'

TRUST is also a business trust registered with the United States Security and Exchange Commission. The commission has assigned the Trust with the Central Index Key number 1488240. Finally, JAMES A WILLIAMS TRUST has been assigned a Financial Industry Number Standard ("FINS") by the Depository Trust and Clearing Corporation ("DTCC"). The legal departments for both the DTCC and THOMPSON REUTERS were notified that JAMES A WILLIAMS TRUST was assigned the FINS number 342758.

6.   JAMES A WILLIAMS TRUST is a "fiscally transparent entity" as defined on page 13 of the IRS 2010 General Instructions for Certain Information Returns.

7.   The Fifth Third Bank account #7460552230 in the name JAMES A WILLIAMS TRUST is a regular business checking account.

8.   I have been continuously and intimately involved in this case at all times. Since there is no legal distinction between myself and the business, my interests have been identical to those of JAMES A WILLIAMS TRUST. <u>I have been injured by the activities of the other parties in this case. In substance, there are no differences among the interests of JAMES A WILLIAMS TRUST and those of myself.</u>

9.   Correlatively, Rule 17 (a) of the Federal Rules of Civil Procedure requires that every action shall be prosecuted in the name of the real party of interest. To avoid forfeitures of just claims, revised Rule 17(a) would provide that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed, after the objection has been raised, for ratification, substitution, etc., is added simply in the interests of justice.

In its origin the rule concerning the real party in interest was permissive in purpose: it was designed to allow an assignee to sue in his own name. That having been accomplished, the modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata. " ***System***

*Fuels, Inc. v. United States, 65 Fed. Cl. 163, 170 (2005) (quoting Virginia Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 84 (4th Cir. 1973))*.

10. The Federal Circuit has instructed that Rule 17 is guided by a "general principle that actions should be brought in the name of the real party in interest and that courts should be lenient in permitting ratification, joinder, or substitution of that party." *First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1289 (Fed. Cir. 1999)*.

11. Conceptually, [t]he real party in interest is one who has a "real, actual, material or substantial interest in the subject matter of the action." 59 Am. Jur. 2d Parties § 36 [1986]. The general rule that only a party to the contract can enforce the contract has been modified by the real party in interest statutes and rules. 59 Am. Jur. 2d Parties § 28 [1986]. One of the purposes of this modification is to relax the strict common law rules "to enable those who are directly interested but not parties to the contract to maintain an action for its breach." *Edward Kraemer & Sons, Inc. v. City of Kansas, 874 F. Supp. 332, 335 (D. Kan. 1995); see also First Annapolis Bancorp, Inc. v. United States, 54 Fed. Cl. 529, 542 (2002)*.

12. Fed. R. Civ. P. Rule 60 (b): Inadvertence: The Plaintiff did not provide a summons with the complaint because the Plaintiff was seeking an immediate order for relief. Line 65 – 77 from the Plaintiffs' complaint filed on June 06, 2013 is incorporated by reference a though fully stated herein.

The Defendant(s) are in default because they had failed to meet the conditions specified on lines 462 – 472 of exhibit #1 and they had failed to provide a valid response. Since the defendant(s) admitted to the statements and claims by TACIT PROCURATION, all issues are deemed settled RES JUDICATA, STARE DECISIS and COLLATERAL ESTOPPEL and as a result, JUDGMENT BY ESTOPPEL and not subject to appeal. The Defendant(s) may not argue, controvert, or otherwise protest the

finality of the administrative findings in any subsequent process, whether administrative or judicial.

**13.**   Since the Plaintiff had exhausted his administrative remedy and since the Defendant(s) were in default the Plaintiff had initiated the court proceeding with the intention of seeking immediate relief. The Plaintiff had carelessly failed to provide a summons with the initial complaint.

**14.**   James Williams is not to be considered a "pro se" litigant since this would mean that James Williams is appearing "for himself" rather than "as himself". The definition of pro se indicates that you assume two characters, one as the litigant, and two as counsel for the litigant. Therefore the Plaintiff hereby rejects being labeled a "pro se" litigant.

**Commercial Affidavit:**
I, James Williams, affiant, real party of interest and grantor/beneficiary for JAMES A WILLIAMS TRUST do hereby certify and affirm on my full commercial liability, that I have read the foregoing and know the content thereof, and that, to the best of my knowledge, understanding, and belief, it is true, correct, complete, not misleading, and is the truth, the whole truth, and nothing but the truth under the pains and penalties of perjury and International Law.

_____
James Williams, affiant, grantor/beneficiary
For JAMES A WILLIAMS TRUST
416-944-8494

June 26, 2013

Seal/

who provide material aid, assistance, or advice on organizing, managing, promoting, selling, implementing, insuring, or carrying out any reportable transaction, and who directly or indirectly receive or expect to receive a minimum fee, must use Form 8918 to disclose any reportable transaction under Regulations section 301.6111-3. For more information, see Form 8918 and its instructions.

Form 8939, Allocation of Increase in Basis for Property Acquired From a Decedent. This form is used to allocate any additional basis when an executor makes the special section 1022 election for property acquired from a decedent who died in 2010.

## Additional Information

The following publications may assist you in preparing Form 1041:

- Pub. 550, Investment Income and Expenses,
- Pub. 559, Survivors, Executors, and Administrators,
- Pub. 590, Individual Retirement Arrangements (IRAs), and
- Pub. 4895, Tax Treatment of Property Acquired From a Decedent Dying in 2010.

## Assembly and Attachments

Assemble any schedules, forms, and attachments behind Form 1041 in the following order:

1. Schedule I (Form 1041);
2. Schedule D (Form 1041);
3. Form 4952;
4. Schedule H (Form 1040);
5. Form 3800;
6. Form 4136;
7. Form 8855;
8. All other schedules and forms; and
9. All attachments.

## Attachments

If you need more space on the forms or schedules, attach separate sheets. Use the same size and format as on the printed forms. But show the totals on the printed forms.

Attach these separate sheets after all the schedules and forms. Enter the estate's or trust's EIN on each sheet.

Do not file a copy of the decedent's will or the trust instrument unless the IRS requests it.

## Special Reporting Instructions

Grantor type trusts, the S portion of electing small business trusts (ESBTs), and bankruptcy estates all have reporting requirements that are significantly different than other Subchapter J trusts and decedent's estates. Additionally, grantor type trusts have optional filing methods available. Pooled income funds have many similar reporting requirements that other Subchapter J trusts (other than grantor type trusts and electing small business trusts) have but there are some very important differences. These reporting differences and optional filing methods are discussed below by entity.

### Grantor Type Trusts

A trust is a grantor trust if the grantor retains certain powers or ownership benefits. This can also apply to only a portion of a trust. See *Grantor Type Trust*, later, for details on what makes a trust a grantor trust.

In general, a grantor trust is ignored for income tax purposes and all of the income, deductions, etc., are treated as belonging directly to the grantor. This also applies to any portion of a trust that is treated as a grantor trust.

**Note.** If only a portion of the trust is a grantor type trust, indicate both grantor trust *and* the other type of trust, for example, simple or complex trust, as the type of entities checked in Section A on page 1 of Form 1041.

 The following instructions apply only to grantor type trusts that are not using an optional filing method.

**How to report.** If the entire trust is a grantor trust, fill in only the entity information of Form 1041. Do not show any dollar amounts on the form itself; show dollar amounts only on an attachment to the form. Do not use Schedule K-1 (Form 1041) as the attachment.

If only part of the trust is a grantor type trust, the portion of the income, deductions, etc., that is allocable to the non-grantor part of the trust is reported on Form 1041, under normal reporting rules. The amounts that are allocable directly to the grantor are shown only on an attachment to the form. Do not use Schedule K-1 (Form 1041) as the attachment. However, Schedule K-1 is used to reflect any income distributed from the portion of the trust that is not taxable directly to the grantor or owner.

The fiduciary must give the grantor (owner) of the trust a copy of the attachment.

**Attachment.** On the attachment, show:

- The name, identifying number, and address of the person(s) to whom the income is taxable;
- The income of the trust that is taxable to the grantor or another person under sections 671 through 678. Report the income in the same detail as it would be reported on the grantor's return had it been received directly by the grantor; and
- Any deductions or credits that apply to this income. Report these deductions and credits in the same detail as they would be reported on the grantor's return had they been received directly by the grantor.

The income taxable to the grantor or another person under sections 671 through 678 and the deductions and credits that apply to that income must be reported by that person on their own income tax return.

**Example.** The John Doe Trust is a grantor type trust. During the year, the trust sold 100 shares of ABC stock for $1,010 in which it had a basis of $10 and 200 shares of XYZ stock for $10 in which it had a $1,020 basis.

The trust does not report these transactions on Form 1041. Instead, a schedule is attached to the Form 1041 showing each stock transaction separately and in the same detail as John Doe (grantor and owner) will need to report these transactions on his Form 8949, Sales and Other Dispositions of Capital Assets and Schedule D (Form 1040). The trust does not net the capital gains and losses, nor does it issue John Doe a Schedule K-1 (Form 1041) showing a $10 long-term capital loss.

**QSSTs.** Income allocated to S corporation stock held by the trust is treated as owned by the income beneficiary of the portion of the trust that owns the stock. Report this income following the rules discussed above for grantor type trusts. A QSST cannot elect any of the optional filing methods discussed below.

However, the trust, and not the income beneficiary, is treated as the owner of the S corporation stock for figuring and attributing the tax results of a disposition of the stock. For example, if the disposition is a sale, the QSST election ends as to the stock sold and

## Q. Earnings on any IRA, Coverdell ESA, Archer MSA, or HSA

Generally, income earned in any IRA, Coverdell ESA, Archer MSA, or HSA, such as interest or dividends, is not reported on Forms 1099. However, distributions from such arrangements or accounts must be reported on Form 1099-R, 1099-Q, or 1099-SA.

## R. Certain Grantor Trusts

Certain grantor trusts (other than WHFITs) may choose to file Forms 1099 rather than a separate statement attached to Form 1041, U.S. Income Tax Return for Estates and Trusts. If you have filed Form 1041 for a grantor trust in the past and you want to choose the Form 1099 filing method for 2013, you must have filed a final Form 1041 for 2012. To change reporting method, see Regulations section 1.671-4(g) and the Instructions for Form 1041 and Schedules A, B, D, G, I, J, and K-1.

For more information on WHFITs, see *Widely held fixed investment trusts (WHFITs)*, earlier.

## S. Special Rules for Reporting Payments Made Through Foreign Intermediaries and Foreign Flow-Through Entities on Form 1099

If you are the payer and have received a Form W-8IMY, Certificate of Foreign Intermediary, Foreign Flow-Through Entity, or Certain U.S. Branches for United States Tax Withholding, from a foreign intermediary or flow-through entity, follow the instructions for completing Form 1099, later.

### Definitions

**Foreign intermediary.** A foreign intermediary is any person who is not a U.S. person and acts as a custodian, broker, nominee, or otherwise as an agent for another person, regardless of whether that other person is the beneficial owner of the amount paid, a flow-through entity, or another intermediary. The intermediary can be a qualified intermediary or a nonqualified intermediary.

*Qualified intermediary (QI).* A QI is a person that is a party to a withholding agreement with the IRS and is:
- A foreign financial institution or a foreign clearing organization (other than a U.S. branch or U.S. office of the institution or organization),
- A foreign branch or office of a U.S. financial institution or a foreign branch or office of a U.S. clearing organization,
- A foreign corporation for purposes of presenting claims of benefits under an income tax treaty on behalf of its shareholders, or
- Any other person the IRS accepts as a qualified intermediary and who enters into a withholding agreement with the IRS.

For details on QI agreements, see:
- Rev. Proc. 2000-12 on page 387 of Internal Revenue Bulletin 2000-4 at www.irs.gov/pub/irs-irbs/irb00-04.pdf;
- Modified by Rev. Proc. 2003-64, Section 4A (Appendix 3), on page 306 of Internal Revenue Bulletin 2003-32 at www.irs.gov/pub/irs-irbs/irb03-32.pdf;
- Further modified by Rev. Proc. 2004-21, 2004-14 I.R.B. 702, available at www.irs.gov/irb/2004-14_IRB/ar10.html; and
- Modified Rev. Proc. 2005-77, which amends the final withholding partnership and withholding foreign trust agreements by expanding the availability of simplified documentation, reporting, and withholding procedures, further modifying Rev. Proc. 2003-64. See Rev. Proc. 2005-77, 2005-51 I.R.B. 1176, available at www.irs.gov/irb/2005-51_IRB/ar13.html.

 Generally, a branch of a financial institution may not operate as a QI in a country that does not have approved know-your-customer (KYC) rules. Branches of financial institutions that operate in non-KYC approved jurisdictions will be required to act as nonqualified intermediaries. For additional information, see Notice 2006-35, 2006-14 I.R.B. 708, available at www.irs.gov/irb/2006-14_IRB/ar13.html.

*Nonqualified intermediary (NQI).* An NQI is any intermediary that is not a U.S. person and that is not a QI.

**Foreign flow-through entity (FTE).** An FTE is a foreign partnership (other than a withholding foreign partnership), a foreign simple trust or foreign grantor trust (other than a withholding foreign trust), or, for payments for which a reduced rate of withholding is claimed under an income tax treaty, any entity to the extent the entity is considered to be fiscally transparent under section 894 with respect to the payment by an interest holder's jurisdiction.

*Withholding foreign partnership or withholding foreign trust.* A withholding foreign partnership or withholding foreign trust is a foreign partnership or a foreign simple or grantor trust that has entered into a withholding agreement with the IRS in which it agrees to assume primary withholding responsibility for all payments that are made to it for its partners, beneficiaries, or owners. See Rev. Proc. 2003-64, as amended by Rev. Proc. 2004-21 and modified by Rev. Proc. 2005-77, for procedures for entering into a withholding foreign partnership or trust agreement.

*Nonwithholding foreign partnership, simple trust, or grantor trust.* A nonwithholding foreign partnership is any foreign partnership other than a withholding foreign partnership. A nonwithholding foreign simple trust is any foreign simple trust that is not a withholding foreign trust. A nonwithholding foreign grantor trust is any foreign grantor trust that is not a withholding foreign trust.

*Fiscally transparent entity.* An entity is treated as fiscally transparent with respect to an item of income to the extent that the interest holders in the entity must, on a current basis, take into account separately their shares of an item of income paid to the entity, whether or not distributed, and must determine the character of the items of income as if they were realized directly from the sources from which they were realized by the entity. For example, partnerships, common trust funds, and simple trusts or grantor trusts are generally considered to be fiscally transparent with respect to items of income received by them.

### Presumption Rules

 For additional information including details on the presumption rules, see the Instructions for the Requester of Forms W-8BEN, W-8ECI, W-8EXP, and W-8IMY and Pub. 515. To order, see *How To Get Forms, Publications, and Other Assistance* under part T.