Doc. #12, JUDICIAL NOTICE, JAMES A WILLIAMS TRUST, 09/24/2013

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

JAMES A WILLIAMS TRUST
c/o Trustee PETER PAPOULIAS
4175 Breckenridge Court
Alpharetta, Georgia 30005
Tel:404-704-0898
peterpapoulias@hotmail.com

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT - 3 2013

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| JAMES A WILLIAMS TRUST ) | |
| ) | JUDICIAL NOTICE |
| Plaintiff, ) | |
| ) | Case Number: 1:13-CV-01956 |
| v. ) | |
| ) | JUDGE ORINDA D. EVANS |
| FIFTH THIRD BANK, et al; ) | |
| ) | September 24, 2013 |
| Defendant(s), ) | |
| ) | |

## ORDER

Pursuant to Rule 201 of the Federal Rules of Evidence, the court has the authority to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute" such that it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Fed. R. Evid. 201(b)*. Such sources include encyclopedias, textbooks, and dictionaries. See **Werk v. Parker, 249 U.S. 130, 132-133 (1919)** (holding that the Circuit Court of Appeals "was justified in taking judicial notice of facts that appeared so abundantly from standard works accessible in every considerable library" including "the British Encyclopedia . . . [and] the Standard

Dictionary of 1894"); ***B.V.D. Licensing Corp. v. Body Action Design, Inc., 846 F.2d 727, 728 (Fed. Cir. 1988)*** (stating that courts may consult dictionaries and encyclopedias when taking judicial notice of facts); ***Urbanek v. United States, 731 F.2d 870, 873 n.3 (Fed. Cir. 1984)*** (taking judicial notice of accounting texts to determine proper accounting practice); ***United States v. Moscini, 19 C.C.P.A. 144, 147 (1931)*** ("[T]he courts, in determining the common meaning of a term, may accept or reject evidence of such meaning and may, as an aid, consult the dictionaries, lexicons, and written authorities as to such common meaning.").

**FEDERAL RULES OF EVIDENCE – RULE 201**

(c) TAKING NOTICE. The court:

(2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

**THE COURT**, on its own motion, must take judicial notice of the following:

1. James Williams is the grantor/beneficiary and "real party of interest" for JAMES A WILLIAMS TRUST.

2. "In United States, sovereignty resides in people... the Congress cannot invoke the sovereign power of the People to override their will as thus declared." ***Perry v. U.S., 294 U.S. 330 (1935)***.

3.  COURT. The person and suit of the sovereign; the place where the sovereign sojourns with his regal retinue, wherever that may be. Black's Law Dictionary, 5th Edition, page 318.

4.  COURT. An agency of the sovereign created by it directly or indirectly under its authority, consisting of one or more officers, established and maintained for the purpose of hearing and determining issues of law and fact regarding legal rights and alleged violations thereof, and of applying the sanctions of the law, authorized to exercise its powers in the course of law at times and places previously determined by lawful authority. *Isbill v. Stovall, Tex.Civ.App., 92 S.W.2d 1067, 1070*; Black's Law Dictionary, 4th Edition, page 425.

5.  **28 USC § 132** - Creation and composition of district courts: (a) There shall be in each judicial district a district court which shall be a court of record known as the United States District Court for the district.

6.  "A 'court of record' is a judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it..." Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex Parte Gladhill, 8 Metc., Mass., 171, per Shaw, C. J.

7.  The "Affidavit in Support of a Motion for Relief from an Order" filed by the Plaintiff on June 26, 2013 is incorporated by reference as though fully stated herein. JAMES A WILLIAMS TRUST, EIN 98-6061213 is a sole proprietorship. There is no

72 legal distinction between James Williams (owner) and JAMES A WILLIAMS TRUST
73 (business trust). See **Title 26 CFR 301-7701-4** (b) Business trusts and **Title 26 CFR**
74 **7701-2.** Business entities and Lines 42 -90 from the Affidavit filed on June 26, 2013.

75 **8.**     <u>**Brooklyn Trust Co. v. Commissioner of Internal Rev., 80 F. 2d 865 - Circuit**</u>
76 <u>**Court of Appeals, 2nd Circuit 1936:**</u>

77 `Association' implies associates. It implies the entering into a joint enterprise, and, as the
78 applicable regulation imports, an enterprise for the transaction of business. This is not
79 the characteristic of an ordinary trust — whether created by will, deed, or declaration —
80 by which particular property is conveyed to a trustee or is to be held by the settlor, on
81 specified trusts, for the benefit of named or described persons. * * * But the nature and
82 purpose of the co-operative undertaking will differentiate it from an ordinary trust. <u>In
83 what are called `business trusts,' the object is not to hold and conserve particular
84 property, with incidental powers, as in the traditional type of trusts, but to provide a
85 medium for the conduct of a business and sharing its gains.</u>"

86 **9.**     <u>**In Littleson v. Anderson, 67 F.(2d) 323 (C.C.A.2)**</u>, we held that the determination
87 of the question of whether an enterprise nominally a trust was an association turned on
88 the degree of the trustees' activity in the conduct of a business and not on the formal
89 resemblance to a corporate set-up. We said that, when the trustee of an estate consisting
90 of securities engages in considerable business activity and is trading those securities and
91 loans and invests the proceeds so that he is in reality conducting an investment business

for profits, then the estate is in business and is taxable as an association. While the facts of the instant case are not quite as strong as in the Littleson Case, in the character of the business done, they are substantially the same, so far as the business activity of the trustee is concerned, as those which moved the court to hold the trustee engaged in business and the income taxable as that of an "association" in Investment Trust of Mutual Investment Co. v. Com'r, 27 B.T.A. 1322, affirmed without opinion by this court, 71 F.(2d) 1009.

These cases support the regulations by which the Treasury Department has sought to draw the line between trusts and associations on the character of the activity of the trustees and whether the trust was set up for the purpose of carrying on a business. Treas. Reg. 74, art. 1312, 1314. Here the trustees of the composite fund were, pursuant to the purpose of the trust, carrying on the business of investment. They were not, to apply the recently pronounced test of the Supreme Court, holding and preserving particular property, with incidental powers, but were conducting a live investment business and sharing its gains. See: Sears, Roebuck & Co. Employees' Savings, etc., v. Com'r, 45 F.(2d) 506, 508 (C.C.A.7, 1930), where the court, in holding a device an association, said:

Clearly, most courts agree that a basic distinction between a business trust and other trusts is that business trusts are created for the purpose of carrying on some kind of business, whereas the purpose of a non-business trust is to protect and preserve the res.

111  See, e.g., *In re DeHoff Trust, 114 B.R. at 191; In re Faber Trust, 113 B.R. at 601; In*
112  *re Treasure Island Land Trust, 2 B.R. 332, 334 (Bankr.M.D.Fla.1980).*

**10.**  A business entity with two or more members is classified for federal tax purposes as either an aggregate corporation or a partnership.

A business entity with only one owner is classified as a corporation sole or is disregarded; if the entity is disregarded, its activities are treated in the same manner as a sole proprietorship.

**11.**  The two court cases that Judge Evans used to support her order involve trusts that are not sole-proprietorships. *Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385*: Frank Palazzo and Tina Palazzo co-owned business property leased to Advanced Sales Corp., and were president and vice-president, respectfully, of Advanced when this suit was filed. In the appeal Frank seeks to assert the claims of both Advanced and Tina.

**Comment:** Advanced Sales Corp. has two owners and is classified for federal tax purposes as either an aggregate corporation or a partnership.

*In re Darren Buckner Living Trust, No. 12-70036-MHM, 2012*: **Comment:** The Darren Buckner Living Trust is classified as a non-business trust. A non-business trust is not eligible to be a debtor under Chapter 7. *See* 11 U.S.C. §§ 101(9), 101 (41), and 109(b). Lines 94 -97 from this document is incorporated by reference as though fully stated herein. The Darren Buckner Living Trust was created to protect and preserve the res.

131  12.    Plaintiffs' Motion for an Immediate Order for Relief is ripe for review. On June 12, 2013 Plaintiff had filed the Immediate Order for Relief in accordance with the United States District Court for Northern Georgia local rule 65.1 and local rule 7.5:

**LR 65.1 REQUEST TO JUDGE FOR IMMEDIATE ORDER**

Whenever an attorney seeks an immediate order of the court, the attorney must submit a motion to the district judge to whom the case has been assigned if the district judge is present within the district. If the district judge is not available or if the case has not yet been assigned to a particular judge, the attorney shall contact the clerk for instructions as to which judge the motion should be submitted. All courtesy copies of proposed orders must be clearly marked. Refer to LR 7.5B regarding notice to adversary.

**LR 7.5B. Proper Notice to Adversary.** Whenever an attorney desires to confer with a judge or magistrate judge of this court in chambers with regard to a pending case, the attorney shall first give proper notice to opposing counsel, disclosing the date, hour, and nature of the conference sought, and shall satisfy the district judge or magistrate judge that such notice has been given. Emergency situations in which it is impossible to contact opposing counsel and those situations (other than motions to proceed *in forma pauperis*) where ex parte motions or applications are contemplated by the Federal Rules of Civil Procedure are excepted from this rule.

13.    On July 03, 2013 the summons and complaint were delivered to the Defendant(s) by U.S.P.S. Priority mail. Proof of delivery can be validated by the tracking number 420 30326 9405 5036 9930 0483 0178 53 designated by U.S.P.S. This delivery method is in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

**Rule 4(h): (h) SERVICE UPON CORPORATIONS AND ASSOCIATIONS.**
Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to

157 suit under a common name, and from which a waiver of service has not been obtained
158 and filed, shall be effected:
159 (1) in a judicial district of the United States in the manner prescribed for individuals by
160 subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an
161 officer, a managing or general agent, or to any other agent authorized by appointment or
162 by law to receive service of process and, if the agent is one authorized by statute to
163 receive service and the statute so requires, by also mailing a copy to the defendant, or
164 (2) in a place not within any judicial district of the United States in any manner
165 prescribed for individuals by subdivision (f) except personal delivery as provided in
166 paragraph (2)(C)(i) thereof.
167 (e)(1): (1) by any internationally agreed means reasonably calculated to give notice, such
168 as those means authorized by the Hague Convention on the Service Abroad of Judicial
169 and Extrajudicial Documents; or
170 **Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents**
171 **Article 5**
172 The Central Authority of the State addressed shall itself serve the document or shall
173 arrange to have it served by an appropriate agency, either –
174 a) by a method prescribed by its internal law for the service of documents in domestic
175 actions upon persons who are within its territory, or
176 b) by a particular method requested by the applicant, unless such a method is
177 incompatible with the law of the State addressed.
178 Subject to sub-paragraph (b) of the first paragraph of this Article, the document may
179 always be served by delivery to an addressee who accepts it voluntarily.
180 **Article 6**
181 The Central Authority of the State addressed or any authority which it may have
182 designated for that purpose, shall complete a certificate in the form of the model
183 annexed to the present Convention.

The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.

The applicant may require that a certificate not completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.

The certificate shall be forwarded directly to the applicant.

**14.** To avoid any confusion that the Defendant(s) had not been properly served; the Plaintiff hired a process server (Josh Swanson, Phoenix Legal Inc.) who served the summons on Alisha Smith, who is designated by law to accept service of process on behalf of Fifth Third Bank on September 24, 2013 at 11:00 am. On September 25, 2014 the court received a copy of the Proof of Service and Affidavit of Service.

**15.** The clerk of the court needs to delete the additional information that was added to the caption:

Caption found on Plaintiffs' complaint filed on June 12, 2013:

JAMES A WILLIAMS TRUST
                              Plaintiff,
    v.

FIFTH THIRD BANK, et al; and
    John and Jane Does 1 - 99
                              Defendant(s),

Current caption showing additional information added by the clerk of court:

JAMES A WILLIAMS TRUST
                              Plaintiff,
    v.

<u>Defendant</u>

Fifth Third Bank

**Defendant**
P. Brian Moore, representative

**Defendant**
Jermain L. Pettis, representative

**Defendant**
Kimberley R. Love, representative

**Defendant**
Troy Smith, representative

**Defendant**
Adam Hipple, representative

**Defendant**
Daquita Irons, representative

The yellow highlighted information needs to be removed from the caption. The Defendant's listed above are in actuality all the same party. In the introduction of the complaint the Plaintiff had listed the Fifth Third Bank employees who were involved in causing the injury to the Plaintiff. The Plaintiff did not list the employees in their individual capacity. Line 33 from the Plaintiffs' complaint states: "The Defendant(s) representatives P. Brian Moore, Jermain L. Pettis, Kimberly R. Love, Troy Smith, Adam Hipple and DaQuita Irons acting in the course and scope of their employment at FIFTH THIRD BANK through their acts and omissions knowingly, consciously, wrongly, without compensation and without due process of law have effected a taking of property from the Plaintiff."

The Defendant for this action is Fifth Third Bank, et al. and was correctly identified on line 60 of the Plaintiffs' complaint filed on June 12, 2013.

**16.** The third sentence of U.C.C. 4-214(a) provides: "These rights to revoke, charge back, and obtain refund terminate if and when a settlement for the item received by the [depositary or collecting] bank is or becomes final." In terms of Article 4, a settlement given or received by a depositary bank becomes final when the payor bank finally pays the item. See 4-215(a) & (c). So, when the payor bank finally pays an item, as described in 4-215(a)(3) and 4-301(a), a depositary bank loses the 4-214(a) rights of charge back and refund and thus cannot recover the credit the bank gave its customer for the item.

**17.** Adjudicated fact that the Defendant(s) have violated U.C.C. 4-214. Lines 85 – 125 from the Plaintiffs' Memorandum filed into the record on June 12, 2013 is incorporated by reference as though fully stated herein. Account statements showing fraudulent entries and unlawful debits by the Defendant(s) can be found on Exhibit 4 and Exhibits L, N, R and Q from Section B Exhibit 1.

*Respectfully submitted*
*JAMES A WILLIAMS TRUST*


By: _____ ,TTEE
Peter Papoulias, Trustee/Account Administrator
*Telephone: 404-704-0898*
*peterpapoulias@hotmail.com*

Doc. #12, JUDICIAL NOTICE, JAMES A WILLIAMS TRUST, 09/24/2013

# CERTIFICATE OF SERVICE

*I certify that the service of the Judicial Notice was sent on October 2, 2013 by certified mail #* **9405 5036 9930 0078 3861 80** *to Jermain L. Pettis, Vice President Business Banking at the address listed below.*

*Jermain L. Pettis*
*Vice President - Business Banking*
*Fifth Third Bank - Buckhead*
*Sovereign Building*
*3344 Peachtree Rd. - Suite 800*
*Mail Drop X46306*
*Atlanta, GA 30326*
*Phone: 404.279.4567*

*JAMES A WILLIAMS TRUST*

By: _____, TTEE
Peter Papoulias, Trustee/Account Administrator
Telephone: 404-704-0898
peterpapoulias@hotmail.com

*October 2, 2013*