**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JAMES A. WILLIAMS TRUST,

Plaintiff,

CIVIL ACTION NO. 1:13-CV-1956-ODE

vs.

FIFTH THIRD BANK, P. BRIAN MOORE, *representative,* JERMAIN L. PETTIS, *representative*, KIMBERLY R. LOVE, *representative,* TROY SMITH, *representative,* ADAM HIPPLE, *representative,* and DAQUITA IRONS, *representative,*

Defendants.
_________________________________/

**DEFENDANTS FIFTH THIRD BANK, NATIONAL ASSOCIATION'S, BRIAN P. MOORE'S, JERMAIN L. PETTIS'S, KIMBERLY R. LOVE'S, TROY SMITH'S, ADAM HIPPLE'S, AND DAQUITA IRONS'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Fifth Third, an Ohio banking corporation ("Fifth Third"), Brian P. Moore ("Moore"), Jermain L. Pettis ("Pettis"), Kimberly R. Love ("Love"), Adam Hipple ("Hipple"), and Daquita Irons ("Irons" and collectively with Fifth Third, Moore, Pettis, Love, Hipple, and Irons, the "Defendants"), defendants in the above-captioned case, and pursuant to 28 U.S.C. § 1654 and Federal Rules of Civil Procedure 4(m), 12(b)(4) and 12(b)(5) respectfully move this Court, *in lieu* of filing

Answers, for an Order dismissing the Complaint filed by Plaintiff James A. Williams Trust (the "Trust") against Defendants, and in support provide the Court the following:

## INTRODUCTION

This case involves the Trust's allegations of funds debited from its Fifth Third commercial banking account after Fifth Third identified and subsequently returned fraudulent checks to their originating bank (the "Returned Funds").

Since the filing of its Complaint, the Trust has proceeded *pro se* in this matter and, for the most part, has been "represented" by Peter T. Papoulias, the Trust's purported trustee (the "Papoulias"). Papoulias is not a licensed attorney. Following an improper attempt to serve Defendants with process by certified mail, this Court ordered the Trust to properly serve process on all Defendants and to retain proper legal counsel. The Trust has failed to abide by any aspect of the Court's order. Accordingly, Defendants respectfully move this Court to dismiss the Complaint for the Trust's failure to retain proper legal counsel, improper process, and improper service of process.

## BACKGROUND

The Trust filed its Complaint on June 12, 2013. (DE 1). On June 14, 2013, the Trust filed a Certificate of Service, signed by Papoulias, in which it stated that

the Trust had attempted to serve Defendant Pettis by certified mail. (DE 3). The Trust filed a Motion for an Immediate Order of Relief (the "Relief Motion") on June 17, 2013 asserting that Defendants were in default. (DE 4).

On June 24, 2013, this Court denied the Relief Motion (the "Order"). (DE 5). In the Order, the Court determined that "Plaintiff never properly served Defendants in case". (*Id.* at 1). The Court further found that "the complaint was simply mailed to Defendant Jermain L. Pettis and that no summons was served on Defendants." (*Id.*) Finally, the Court directed the Trust to retain an attorney. The Trust has not complied with any aspect of the Order.

On September 23, 2013, the Trust attempted service of Defendant Pettis by serving him at 40 Technology Parkway South, Suite 300, Norcross, Georgia. (DE 12). This address is not Defendant Pettis's personal residence. (Declaration of Jermain Pettis, attached as **Exhibit A**, at ¶ 5). According to the Docket, the Trust requested that two summons be issued, but both were directed to Defendant Pettis. (DE 6 and 7). Indeed, the summons served on Defendant Pettis is the same as those filed with the Court— all are directed to Defendant Pettis, individually, identifying him as "Vice President- Business Banking". (*Id*; Exh. 1 to Exh. A). Over 120 days have passed since the Trust filed its Complaint. It has yet to both obtain proper summons and to perfect service of process on all Defendants.

As indicated by the numerous filings made by the Trust, Papoulias continues to represent the Trust in this matter. The State Bar of Georgia member directory does not identify Papoulias as a Georgia attorney. Moreover, none of the filings made by Papoulias identify any bar number or give any indication that he is a licensed attorney in any state.

## ARGUMENT AND CITATION OF AUTHORITIES

### A. The Trust Must Be Represented by An Attorney.

It is axiomatic that all artificial entities such as corporations, partnerships, or associations "may appear in federal courts only through licensed counsel." *E.g.*, *Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203, 113 S.Ct. 716 (1993); *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1386 (11th Cir. 1985) (affirming dismissal of corporate claims for lack of proper representation of corporation by attorney). Indeed, 28 U.S.C. § 1654, provides that "parties may plead and conduct their own cases personally and by counsel." Such a right to proceed without counsel applies only to individuals representing themselves and not to the representation of artificial entities or to the representation of others. *See Rowland*, 506 U.S. at 203.

Similarly, Trusts may neither proceed in federal court *pro se* nor may they be represented by nonlawyers. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347,

348 (1994) (affirming dismissal of claims asserted by trusts represented by nonlawyer trustees); *accord Joshua Bldg. Trust v. Clementi*, 78 F.3d 588, 588 (8th Cir. 1996). In fact, Courts of this Circuit have held that no "distinction [lies] between a trust and a corporation for purposes of the right to self-representation under § 1654." *U.S. v. Lena*, No. 05-80669-CIV, 2007 WL 4578336, * 1 (S.D. Fla. Dec. 27, 2007); *see also In re Darren Buckner Living Trust*, No. 12-70036-MHM, 2012 WL 5334749 (Bankr. N.D. Ga. Oct. 5, 2012); *Hays v. Hamblen Family Irrevocable Trust* (*In re Hamblen*), 360 B.R. 362 (Bankr. N.D. Ga. 2006).

Here, the Complaint should be dismissed against all Defendants as the Trust was ordered on June 24, 2013 to retain proper legal counsel. The Order clearly put the Trust on notice that (1) it could not proceed *pro se* in this matter and (2) that it "must be represented by an attorney to maintain a suit in this Court." (DE 5 at 1). Papoulias is not a lawyer. Over three months have passed since the entry of the Order and Papoulias continues to assert that he represents the Trust, with no indications that the Trust or Papoulias intend to retain proper legal counsel. (DE 8-13). Dismissal is proper as the Trust cannot continue to maintain this matter either in a *pro se* capacity or with Papoulias as its legal advocate.

**B. The Complaint Should be Dismissed as to all Defendants Pursuant to Fed. R. Civ. 12(b)(4) and (b)(5).**

A lawsuit is commenced by filing a complaint with the Court. *See* Fed. R.

Civ. P. 3. Thereafter, a plaintiff has 120 days from the date of filing the complaint to serve the defendant or the suit must be dismissed without prejudice. [1] Fed. R. Civ. P. 4(m); *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). It is undeniable that the Trust failed to meet the mandatory 120-day requirement for service of process under Rule 4(m) for all Defendants.

**1. The Pettis Summons is Defective as to Fifth Third.**

Rule 4(a)(1) outlines, in pertinent part, the contents of a proper summons. Fed. R. Civ. P. 4(a)(1). Among the requisite information that must be contained in a proper summons, one of the most important is that it must be "directed to the defendant" to whom service is directed. Fed. R. Civ. P. 4(a)(1)(B). Ostensibly, "when a defective summons is served, the defendant has the right, and indeed the duty to assert the defense of insufficient process in a motion or responsive pleading." *Sanderford v. Prudential Ins. Co. of America*, 902 F.2d 897, 898 (11th Cir. 1990). Insufficient process is grounds for dismissal pursuant to Rule 12(b)(4). Fed. R. Civ. P. 12(b)(4); *Martinez v. Deutsche Bank Nat. Trust Co.*, No. 5-11-cv-

[1] Because the Trust has failed to properly serve Defendants, this court also lacks personal jurisdiction over them. Personal jurisdiction requires two elements: (1) "amenability to jurisdiction" and (2) "service of process." *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

580-Oc-10TBS, 2012 WL 162360, * 3 (M.D. Fla. Jan. 19, 2012) (dismissing complaint due to defective summons).

In the instant case, the Trust purports to have served Fifth Third with process, though the summons served is directed to Pettis, rendering it defective as to Fifth Third. The record indicates that the served summons identifies "Jermain L. Pettis". This summons mirrors the only other summons requested by the Trust. (DE 6 and 7). Fifth Third was not named as the defendant on any of the Trust's summons— much less the summons served— and, therefore, Fifth Third could not have been served with sufficient process.

Dismissal as to Fifth Third is proper pursuant to Rules 4(m) and 12(b)(4) as the Trust did not perfect service of Fifth Third with a proper summons and complaint by October 10, 2013— 120 days after the Trust filed its Complaint.

**2. Defendant Pettis has not been properly served with process.**

Pursuant to Fed. R. Civ. P. 12(b)(5), a court may dismiss a case for "insufficiency of service of process." Courts have broad discretion to dismiss the action for insufficient service. *Mitchell v. Volkswagen Group of America, Inc.*, 753, F. Supp. 2d 1264, 1269 (N.D. Ga. 2010). In resolving a motion under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service is made. *Davis v. Mortgage Electronic Registration*

*Systems, Inc.*, 1:09-CV-3109-TWT-CCH, 2010 WL 1529319, * 2 (N.D. Ga. March 2, 2010).

Pursuant to Fed. R. Civ. P. 4(e)(2)(A) through (C) (the "Federal Service Methods"), a plaintiff may attempt service on a defendant by delivering a copy of the summons and of the complaint to the defendant (1) personally, (2) by leaving a copy of each at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (3) by delivering a copy of each to an agent authorized by appointment of law to receive service of process. *See Etris v. Snyder*, No. 2:10-CV-00113-RWS, 2012 WL 692811, *3 (N.D. Ga. March 1, 2013) (finding Rule 4(e) requires strict compliance since "no provision is made for leaving a copy at the individual's place of business or the individual's employer"). Alternatively, Fed. R. Civ. P. 4(e)(1) specifies that service may occur using a method of service permitted in Georgia, which in the case of individuals, mirrors the Federal Methods. *See* O.C.G.A. § 9-11-4(e)(7).

Pettis has not been served with process as required by the Federal Methods or by Georgia Civil Practice Act. Rather, the Trust failed to serve him personally. (Pettis Decl., Exh. A, at ¶ 7). The Trust further failed to serve him at his "dwelling or usual place of abode with someone of suitable age and discretion who resides there." (*Id.* at ¶¶ 8-9). The Trust's attempt to serve Pettis by serving him through

"Alisha Smith," who is neither Pettis's agent nor who has any affiliation with Pettis does not constitute sufficient service under any of the Federal Service Methods, or under the service rules for Georgia. (*Id.* at ¶¶ 10-11).

Thus, the Complaint should be dismissed as to Defendant Pettis, pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5), as the Trust has failed to properly perfect service within 120 days of filing its Complaint.

**3. The Trust has not attempted service of process on the remaining Defendants.**

The record is devoid of any mention of any service attempts by the Trust against Defendants Moore, Love, Hipple, Smith, and Irons. The Trust failed to perfect service against these Defendants within 120 days after the Trust filed its Complaint. Therefore, Defendants Moore, Love, Hipple, Smith, and Irons request dismissal of the Complaint, pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5).

## CONCLUSION

It is beyond dispute that the Trust not only initiated the instant lawsuit but continues to proceed without any legal representation. Moreover, the Trust has failed to perfect service on all Defendants by failing to properly serve process and to further serve non-defective process. This Court ordered the Trust to correct its representation and service deficiencies on June 24, 2013. Over three months since the Order, the Trust has yet to correct these deficiencies. Accordingly, the Trust

failed to perfect service on all Defendants within 120 days from its filing of the Complaint. Thus, the Trust requests the Court to enter an order dismissing the Trust's Complaint against all Defendants.

Respectfully submitted this 15th day of October, 2013.

**CARLTON FIELDS, P.A.**

*/s/ F. Xavier Balderas*

Walter F. Bush
Georgia Bar No.: 098825
F. Xavier Balderas
Georgia Bar No.: 705136
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, GA 30309
wbush@carltonfields.com
xbalderas@carltonfields.com
Telephone: 404.815.3400
Facsimile: 404.815.3415

***Attorneys for Defendant Fifth Third Bank***

## LOCAL RULE 7.1(D) CERTIFICATION

Pursuant to Local Rule 7.1(D), I hereby certify that this notice has been prepared with Times New Roman, 14 point.

*/s/ F. Xavier Balderas*
F. Xavier Balderas

**IN THE UNITED STATES DISTRICT COURT**
**FOR THENORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JAMES A. WILLIAMS TRUST,

Plaintiff,

CIVIL ACTION NO.
1:13-CV-1956-ODE

vs.

FIFTH THIRD BANK, P. BRIAN MOORE, *representative,* JERMAIN L. PETTIS, *representative*, KIMBERLY R. LOVE, *representative,* TROY SMITH, *representative,* ADAM HIPPLE, *representative,* and DAQUITA IRONS, *representative,*

Defendants.

______________________________/

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing ***DEFENDANTS FIFTH THIRD BANK, NATIONAL ASSOCIATION'S, BRIAN P. MOORE'S, JERMAIN L. PETTIS'S, KIMBERLY R. LOVE'S, TROY SMITH'S, ADAM HIPPLE'S, AND DAQUITA IRONS'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW*** on the parties identified below by using the CM/ECF system, which automatically sends e-mail notification of such filing to the following parties of record:

James A. Williams Trust
c/o Peter T. Papoulias, Trustee
4175 Breckenridge Court
Alpharetta, Georgia 30005

This 15th day of October, 2013.

*/s/ F. Xavier Balderas*
F. Xavier Balderas



28231774.2