# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

JAMES A WILLIAMS TRUST
c/o Trustee PETER PAPOULIAS
4175 Breckenridge Court
Alpharetta, Georgia 30005
Tel:404-704-0898
peterpapoulias@hotmail.com

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 2 9 2013

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| JAMES A WILLIAMS TRUST <br><br> Plaintiff, <br><br> v. <br><br> FIFTH THIRD BANK, et al; <br><br> Defendant(s), | MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS, Rule 12(f) <br> ENTRY OF JUDGMENT, Rule 56 <br> **Case Number: 1:13-CV-01956** <br><br> JUDGE ORINDA D. EVANS <br><br> October 22, 2013 |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND DEMAND FOR ENTRY OF JUDGMENT

1

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ............................................................................................. 3
**I: INTRODUCTION:** ...................................................................................................... 4
**II: STATEMENT OF FACTS** ......................................................................................... 4
    **A:** Defendant was properly served in this case ................................................. 4
    **B:** Complaint identifies FIFTH THIRD BANK as the Defendant in this matter .... 5
    **C:** JAMES A WILLIAMS TRUST is a sole proprietorship ................................ 6
    **D:** Defendant recognizes JAMES A WILLIAMS TRUST as a sole-proprietor business ............................................................................................................... 7
**III: ARGUMENT:** ........................................................................................................... 7
    **A:** Declaration of Jermaine L. Pettis demonstrates the validity of service of process in this case. ........................................................................................... 7
    **B:** Plaintiff did not receive Defendant's Motion to Dismiss ............................. 10
**IV: CONCLUSION:** ..................................................................................................... 11

# TABLE OF AUTHORITIES

## Cases

*Henderson v. Cherry, Bekaert & Holland*, 932 F.2d 1410, 1412 (11th Cir. 1991)............9
*Lee v. Bank of America*; GAMD, Civil Action No. 7:13-CV-8 (HL) ................................8
*Ogles v. Globe Oil Co. U.S.A.*, 171 Ga. App. 785, 320 S.E.2d 848 (1984) .......................9
*Rentz v. Swift Transp. Co., Inc.*, 185 F.R.D. 693, 696 (M.D. Ga. 1998)............................8
*Scott v. Atlanta Dairies Coop.*, 239 Ga. 721, 724, 238 S.E.2d 340, 343 (1977)................9

## Rules

2010 Georgia Code, O.C.G.A. 14-3-504 ...........................................................................4
Fed. Civ. R. 4(h).................................................................................................................4
Georgia Code - 9-11-4: Summons: (h)(4) Proof of service................................................8
NDGA Local Rule 5.1 A. (3)............................................................................................11

## Regulations

26 CFR 301-7701-4 (b).......................................................................................................6
26 CFR 7701-2....................................................................................................................6

# I: INTRODUCTION:

COME NOW, Plaintiff JAMES A WILLIAMS TRUST respectfully moves the Court to strike Defendant's Motion to Dismiss, filed on October 15, 2013 as it is a substantive and procedural nullity, frivolous on its face. By claiming that Individual service on the representatives is required, the Defendant is attempting to argue facts not before the court. At no time did Plaintiff name any party individually. Furthermore, the Declaration filed in support of Defendant's own Motion to Dismiss contradicts Defendant's claim of improper service. The Defendant is clogging the judicial machinery with meritless litigation, and abusing the already overloaded court dockets.

Defendant has filed a Motion to Dismiss claiming insufficiency of service of process. Defendant also claims that the Plaintiff needs to be represented by an attorney.

# II: STATEMENT OF FACTS

**A: Defendant was properly served in this case. Plaintiff has satisfied the requirements for service of process under Fed. Civ. R. 4(h):** Plaintiffs' Complaint filed on June 12, 2013, Affidavit of Service and Proof of Service filed on September 25, 2013 and the Judicial Notice filed on October 03, 2013 is incorporated by reference as though fully stated herein.

As stated in the Plaintiffs' Proof of Service and Affidavit of Service, process server Josh Swanson, Phoenix Legal Inc. served the summons and complaint on September 24, 2013 at 11:00 am to ALISHA SMITH, CORPORATION SERVICE COMPANY, 40 Technology Parkway South Suite 300, Norcross, Georgia, 30092 who is designated by law to accept service of process on behalf of the Defendant, FIFTH THIRD BANK. As stated on the Georgia Secretary of State website, CORPORATION SERVICE COMPANY is listed as the registered agent for FIFTH THIRD BANK.
https://cgov.sos.state.ga.us/Account.aspx/ViewEntityData?entityId=136502

26    ***2010 Georgia Code,*** *O.C.G.A. 14-3-504 (2010); 14-3-504.* Service of process on corporations: (a) A corporation's registered agent is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the corporation.

**B: Complaint identifies FIFTH THIRD BANK as the Defendant in this matter:**

The Plaintiffs' complaint filed on June 12, 2013 identifies FIFTH THIRD BANK, et al. as the Defendant in this matter. Lines 58 – 61 from the Plaintiffs' complaint states: *"Defendant FIFTH THIRD BANK, et al. is a U.S. regional banking corporation, headquartered at 38 Fountain Square Plaza, Cincinnati, OH 45263. The commercial office involved in this action is located at the following address: FIFTH THIRD BANK – Buckhead Sovereign Building; 3344 Peachtree Road. Suite 800; Atlanta, Georgia, 30326; Phone: 404-279-4567".*

In the introduction section of the complaint the Plaintiff had listed the FIFTH THIRD BANK employees who were involved in causing the injury to the Plaintiff. The Plaintiff did not list the employees in their individual capacity. Line 33 from the Plaintiffs' complaint states: *"The Defendant's representatives P. Brian Moore, Jermain L. Pettis, Kimberly R. Love, Troy Smith, Adam Hipple and DaQuita Irons acting in the course and scope of their employment at FIFTH THIRD BANK through their acts and omissions knowingly, consciously, wrongly, without compensation and without due process of law have effected a taking of property from the Plaintiff."*

The actions of each of the employee's show a pattern to the court that each employee while acting in capacity of FIFTH THIRD BANK, worked toward the common goal of depriving the Plaintiff of his deposited funds[1].

---

[1] Vicarious liability refers to a situation where someone is held responsible for the actions or omissions of another person. In a workplace context, an employer can be liable for the acts or omissions of its employees, provided it can be shown that they took place in the course of their employment. The purpose of imposing vicarious liability is to insure the costs of injuries resulting from defective actions are placed on the source of the actions and others who make the actions possible rather than on injured persons who are powerless to protect themselves. For a defendant to be vicariously liable it must play an integral and vital part in the overall production and promotion activity so that the actor is in a position to affect others or, at the very least, it must provide a link in the chain of exposing the ultimate victim to the actor. The vicariously liable defendant must be in the business of controlling, leasing, bailing, or licensing the actors.

48  Each employee played an integral and vital part so that the remaining actors were
49 in a position to affect the Plaintiff; and each provided a critical link in the chain exposing
50 the Plaintiff to the actors who deprived him of his property.

51  The caption found on Plaintiffs' complaint filed on June 12, 2013 also correctly
52 identifies the Defendant in this matter:

53 JAMES A WILLIAMS TRUST
54  Plaintiff,
55  v.
56
57 FIFTH THIRD BANK, et al; and
58  John and Jane Does 1 - 99
59  Defendant(s),

60 **C: JAMES A WILLIAMS TRUST, EIN 98-6061213 is a sole proprietorship:**
61 Lines 67 – 70 from the Judicial Notice filed by the Plaintiff on October 3, 2013 states:
62 *"JAMES A WILLIAMS TRUST, EIN 98-6061213 is a sole proprietorship. There is no*
63 *legal distinction between James Williams (owner) and JAMES A WILLIAMS TRUST*
64 *(business trust).* See **Title 26 CFR 301-7701-4 (b)** *Business trusts and* **Title 26 CFR**
65 **7701-2**[2]. *Business entities and Lines 42 -90 from the Affidavit filed on June 26, 2013.*

---

2 Title 26 CFR 301-7701-4 (b) Business trusts. There are other arrangements which are known as trusts because the legal title to property is conveyed to trustees for the benefit of beneficiaries, but which are not classified as trusts for purposes of the Internal Revenue Code because they are not simply arrangements to protect or conserve the property for the beneficiaries. These trusts, which are often known as business or commercial trusts, generally are created by the beneficiaries simply as a device to carry on a profit-making business which normally would have been carried on through business organizations that are classified as corporations or partnerships under the Internal Revenue Code. However, the fact that the corpus of the trust is not supplied by the beneficiaries is not sufficient reason in itself for classifying the arrangement as an ordinary trust rather than as an association or partnership. The fact that any organization is technically cast in the trust form, by conveying title to property to trustees for the benefit of persons designated as beneficiaries, will not change the real character of the organization if the organization is more properly classified as a business entity under §301.7701–2.
Title 26 CFR 7701-2. Business entities. For purposes of this section and §301.7701–3, a business entity is any entity recognized for federal tax purposes (including an entity with a single owner that may be disregarded as an entity separate from its owner under §301.7701–3) that is not properly classified as a trust under §301.7701–4 or otherwise subject to special treatment under the Internal Revenue Code. A business entity with two or more owners is classified for federal tax purposes as either a corporation or a partnership. **A business entity with only one owner** is classified as a corporation **or is disregarded; if the entity is disregarded, its activities are treated in the same manner as a sole proprietorship**, branch, or division of the owner.
A sole proprietorship, also known as a sole trader or simply a proprietorship, **is a type of business entity that is owned and run by one individual and in which there is no legal distinction between the owner and the business.** Emphasis added. The owner receives all profits (subject to taxation specific to the business) and has unlimited responsibility for all

66 *In what are called 'business trusts,' the object is not to hold and conserve*
67 *particular property, with incidental powers, as in the traditional type of trusts, but to*
68 *provide a medium for the conduct of a business and sharing its gains.* Clearly, most
69 courts agree that a basic distinction between a business trust and other trusts is that
70 business trusts are created for the purpose of carrying on some kind of business,
71 whereas the purpose of a non-business trust is to protect and preserve the res".
72 (For additional information regarding business trusts, see Lines 65 - 126 from the
73 Judicial Notice filed by the Plaintiff on October 03, 2013.)
74 **D: Defendant recognizes JAMES A WILLIAMS TRUST as a sole-proprietor**
75 **business:** The FIFTH THIRD BANK account #7460552230 in the name JAMES A
76 WILLIAMS TRUST was classified by the Defendant as a "business checking account."
77 The FIFTH THIRD BANK account #7460471248 in the name JAMES A WILLIAMS
78 TRUST wass classified by the Defendant as a "personal checking account."

84 **III: ARGUMENT:**
85 **A: Declaration of Jermaine L. Pettis demonstrates the validity of service of process[3]**
86 **in this case. Vice-President of Business Banking for FIFTH THIRD BANK**
87 **provides the court with acknowledgment that he received the complaint in "late of**
88 **June, 2013" :** Defendant admits that they had received the Plaintiffs' complaint in late

---

losses and debts. Every asset of the business is owned by the proprietor and all debts of the business are the proprietor's. This means that the owner has no less liability than if they were acting as an individual instead of as a business. It is a "sole" proprietorship in contrast with partnerships.

[3] First service occurred on July 03, 2013 (office/managing agent), second service occurred on September 24, 2013 (agent authorized by appointment or by law to receive service of process).

89 of June 2013 (see Exhibit A, "Declaration of Jermaine L. Pettis" filed by the Defendant
90 on October 15, 2013).

91 In the Declaration Jermaine L. Pettis states that he is the vice-president[4] for
92 Business Banking for FIFTH THIRD BANK and that he had received the Plaintiffs'
93 summons and complaint in late of June, 2013. Jermaine L. Pettis also confirms that on
94 September 24, 2013, CORPORATION SERVICE COMPANY who the registered agent
95 for FIFTH THIRD BANK, also received the summons and complaint. As stated in the
96 Plaintiffs' Judicial Notice, the summons and complaint were delivered to the Defendant
97 on July 03, 2013 by U.S.P.S. Priority Overnight Mail.

98 Proof of delivery can be validated by the tracking number 420 30326 9405 5036
99 9930 0483 0178 53 designated by U.S.P.S.

100 *Georgia Code - 9-11-4: Summons: (h)(4)* Proof of service: (4) **The written**
101 **admission or acknowledgment of service by the defendant.**

102 As a vice president, Jermaine L. Pettis can reasonably be expected to provide
103 notice to the corporation of the process that was served upon him.

104 Since the summons and complaint were delivered to the Defendant on July 03,
105 2013, Defendant had until July 24, 2013 to file a response.

106 *LEE v. BANK OF AMERICA; GAMD, Civil Action No. 7:13-CV-8 (HL);* UNITED
107 STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA,
108 VALDOSTA DIVISION: ORDER ISSUED May 13, 2013 BY HUGH LAWSON,
109 SENIOR JUDGE:

110 **[Quote]** *"In actions removed from state court, the sufficiency of service of process*
111 *prior to removal is determined by the law of the state from which the action was*
112 *removed."* **Rentz v. Swift Transp. Co., Inc., 185 F.R.D. 693, 696 (M.D. Ga. 1998)**.

113 *"After removal the sufficiency of service of process is determined according to*

---

[4] Serving a summons on the Vice-President for Business Banking satisfies the requirement for service of process under Fed. Civ. R. 4(h).

8

*federal law." **Id. at 696** (citing 28 U.S.C. § 1448). Rule 4(h)(1), which governs service on a corporation provides:*

> *Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and -- if the agent is one authorized by statute and the statute so requires -- by also mailing a copy of each to the defendant.*

*Fed.R.Civ.P. 4(h)(1): Under Rule 4(h), service upon a corporation may be effected in accordance with state law. See Fed.R.Civ.P. 4(e)(1). In Georgia, service upon corporations is governed by O.C.G.A. § 9-11-4(e)(1), which requires personal service on "the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof. . . ." O.C.G.A. § 9-11-4(e)(1). The standard for who qualifies as an "agent" under the statute is not high. **Henderson v. Cherry, Bekaert & Holland, 932 F.2d 1410, 1412 (11th Cir. 1991)**. As the Supreme Court of Georgia has recognized, "the object of service of process is to transmit notice of suit to the corporation." **Scott v. Atlanta Dairies Coop., 239 Ga. 721, 724, 238 S.E.2d 340, 343 (1977)**. Therefore, service "must be made on an agent whose position is such as to afford reasonable assurance that he will inform his corporate principal that such process has been served upon him." **Id.***

*The agent does not need to have a high degree of authority, be able to sign contracts on behalf of the corporation, or be authorized by the corporation to accept service. **Henderson, 932 F.2d at 1412**. Georgia courts have found service was proper*

*when made on a manager of a branch store.* **Ogles v. Globe Oil Co. U.S.A., 171 Ga. App. 785, 320 S.E.2d 848 (1984)**. *Interpreting Georgia law, the Eleventh Circuit has also found that service on a firm's manager is proper even when the defendant provided no information regarding the manager's authority and responsibility within the firm.* **Henderson, 932 F.2d at 1412**. *In addition, "Georgia courts also consider the fact of actual notice in answering the question whether an employee is a valid agent for receipt of service." Id.*

*As noted above, a summons and the complaint were served on Elizabeth Riddle, a vice president at a branch office of the bank in Thomasville. As a vice president, Riddle can reasonably be expected to provide notice to the corporation of the process that was served upon her. In addition, it is undisputed that Defendant learned of the lawsuit and was able to respond in a timely manner.*

*The Court therefore finds that the process and service of process was proper in this case".* **[End Quote]**

**B: Plaintiff did not receive Defendant's Motion to Dismiss:**

**Insufficiency of process:** The Defendant failed to mail the Plaintiff a copy of the Motion to Dismiss. The Defendant stated on the Certificate of Service that they served the Motion to Dismiss on the Plaintiff by using the CM/ECF system, which automatically sends e-mail notification of such filing to the following parties of record.

Since only attorneys admitted to the Bar of the Northern District of Georgia Court are able to file pleadings electronically with the CM/ECF system the Plaintiff did not receive a copy of the motion to dismiss.

NDGA Local Rule 5.1 A. (3) states: Parties who are not filers must be served with a copy of any pleading or other document filed electronically in accordance with the Federal Rules of Civil Procedure.

The Plaintiff only found out about the filing after checking the docket on October 19th.

Case 1:13-cv-01956-ODE   Document 16   Filed 10/29/13   Page 11 of 12

Doc. #15, MOTION TO STRIKE, ENTRY OF JUDGMENT JAMES A WILLIAMS TRUST, 10/22/2013

Since only attorneys admitted to the Bar of the Northern District of Georgia Court are able to file pleadings electronically with the CM/ECF system the Plaintiff did not receive a copy of the motion to dismiss.

NDGA Local Rule 5.1 A. (3) states: Parties who are not filers must be served with a copy of any pleading or other document filed electronically in accordance with the Federal Rules of Civil Procedure.

The Plaintiff only found out about the filing after checking the docket on October 19th.

**IV: CONCLUSION:**

In short, the Plaintiff has satisfied the requirements under Fed. Civ. Rule 4 for service of the summons and complaint to the Defendant, FIFTH THIRD BANK, et al.

The Plaintiff has suffered harm and injury by the activities of the Defendant in this case. This Court has subject matter jurisdiction in this matter. Accordingly, for the reasons set forth herein, the Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss the Complaint with Prejudice.

Furthermore, to prevent further economic hardship and unnecessary delays the Plaintiff demands that the Court enter judgment in favor of the Plaintiff in this matter.

Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact.

Respectfully submitted,

JAMES A WILLIAMS TRUST

By: _____

James Williams, real party in interest

October 22, 2013



# CERTIFICATE OF SERVICE

*I certify that the following:*

1) *Plaintiff's Motion to Strike Defendant's Motion to Dismiss and Entry of Judgment;*
2) *Affidavit in Support of Plaintiff's Motion to Strike Defendant's Motion to Dismiss and Entry of Judgment;*
3) *Plaintiff's Proposed Order;*
4) *Plaintiff's Proposed Order – "Courtesy copy for Plaintiff"*
5) *Plaintiff's Proposed Order – "Courtesy copy for Defendant"*

*was sent on October 28, 2013 by USPS Priority Mail #****9405 5036 9930 0105 3320 36**** to Francisco Xavier Balderas, Carlton Fields, PA- Atlanta, Attorney to be noticed at the address listed below.*

**Francisco Xavier Balderas**
*Carlton Fields, PA - Atlanta*
*One Atlantic Center, Suite 3000*
*1201 W. Peachtree St.*
*Atlanta, GA 30309*

JAMES A WILLIAMS TRUST

By: _____
Peter Papoulias, Trustee/Account Administrator
Telephone: 404-704-0898
*peterpapoulias@hotmail.com*

October 28, 2013