(PROPOSED) ORDER OF RELIEF, COMPENSATORY, JAMES A WILLIAMS TRUST, 10/29/2013

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES A WILLIAMS TRUST ) | |
| ) | **[PROPOSED] ORDER** |
| Plaintiff, ) | |
| ) | **Case Number: 1:13-CV-01956** |
| v. ) | |
| ) | |
| FIFTH THIRD BANK, et al; ) | |
| ) | |
| Defendant(s), ) | |

**[PROPOSED] ORDER FOR RELIEF**

**FIRST AND SECOND CAUSE OF ACTION**

This matter is currently pending before the Court on the Plaintiffs' Motion to Strike and Motion demanding entry of Judgment, and the First and Second Cause of Action found in the Complaint filed on June 12, 2013.

The Court hereby GRANTS the motion because the Plaintiff has satisfied service of process under Rule 4 on two separate occasions (July 03, 2013 and September 24, 2013)[1] and the Plaintiffs' paperwork contains **no** genuine issue as to any material fact..

Payor Bank's final payment on the 25 deposited items terminates the Defendant(s) right of charge back[2]. The third sentence of U.C.C.4-214(a) provides: "These rights to

---

[1] See lines 13 – 28 and lines 86 – 158 from the Plaintiffs' Motion to Strike filed on October 30, 2013

revoke, charge back, and obtain refund terminate if and when a settlement for the item received by the [depositary or collecting] bank is or becomes final." In terms of Article 4, a settlement given or received by a depositary bank becomes final when the payor bank finally pays the item. See 4-215(a) & (c). So, when the payor bank finally pays an item, as described in 4-215(a)(3) and 4-301(a), a depositary bank loses the 4-214(a) rights of charge back and refund.

**Accordingly, the Court makes the following Order:**

For the compensatory damages prayed for in the First and Second Cause of Action the Plaintiff JAMES A WILLIAMS TRUST is hereby **AWARDED** the sum certain amount of $946,000.00 USD. Nine-hundred forty six thousand United States Dollars.

The awarded damages must be paid out from the Defendant(s) reserve account held at the Federal Reserve Bank of Cleveland.

The Defendant(s) shall have 24 hours, exclusive of the date of receipt of this order to make full payment of the Sum Certain either credit $946,000.000 USD into the JAMES A WILLIAMS TRUST business checking account #7460552230 or provide the Plaintiff with a certified check.

If the Defendant(s) fail to meet the conditions of this order than pursuant to a Writ of Execution the funds plus additional costs will be seized by the U.S. Marshals.

---

[2] Instead of a charge-back the Defendant(s) debited the Plaintiff's business checking account. Charge-back is a reversal of an accounting entry. By debiting the Plaintiff's account the Defendant(s) are still able to keep the proceeds from the deposited checks.

48  Additional costs: 28 USC §1921 (c)(1): 3 percent of the first $1,000 collected and
49  1.5 percent on the excess of any sum over $1,000 = $30 + $14,175.00 = **$14,205.00**
50  **USD**.

53  **SO ORDERED, this __ day of _____, 2013.**

57  **United States District Judge**

59  CC:
60  **Plaintiff:**
61  JAMES A WILLIAMS TRUST
62  c/o Trustee PETER PAPOULIAS
63  4175 Breckenridge Court
64  Alpharetta, Georgia 30005
65  Tel:404-704-0898
66  peterpapoulias@hotmail.com

*Defendant(s):*
*Jermain L. Pettis*
*Vice President - Business Banking*
*Fifth Third Bank - Buckhead*
*Sovereign Building*
*3344 Peachtree Rd. - Suite 800*
*Mail Drop X46306*
*Atlanta, GA 30326*
*Phone: 404.279.4567*