# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

JAMES A WILLIAMS TRUST
c/o Trustee PETER PAPOULIAS
4175 Breckenridge Court
Alpharetta, Georgia 30005
Tel:404-704-0898
peterpapoulias@hotmail.com

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 2 1 2013

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| JAMES A WILLIAMS TRUST | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FIFTH THIRD BANK, et al; | ) |
| | ) |
| Defendant(s), | ) |

**Case Number: 1:13-CV-01956**

JUDGE ORINDA D. EVANS

November 18, 2013

## PLAINTIFFS' RESPONSE TO DEFENDANT'S REPLY
## IN SUPPORT OF MOTION TO DISMISS

COME NOW, Real party in interest *F.R.C.P. 17*, James Williams for Plaintiff JAMES A WILLIAMS TRUST and hereby files this RESPONSE to DEFENDANT'S REPLY IN SUPPORT OF A MOTION TO DISMISS (Doc. #17). The paperwork filed by the Defendant is not warranted by existing law or a good faith interpretation derived from existing precedent and was brought to harass and delay. On its own initiative the court may want to enter an order directing the opposing counsel to show cause why it has not violated *F.R.C.P. 11(b)*: Representations to Court[1]. Defendant's Reply (Doc. #17) filed on November 13, 2013 qualifies as a SURREPLY and therefore should be stricken from the record.

Surreplies and supplemental filings are not authorized by the Federal Rules of Civil Procedure or the Local Rules of Practice, which allow only a motion, a response, and a reply, without express prior leave of court. *See Fed. R. Civ. P. 7; LR 7-2(a)-(c); **Hill v. England, 2005 WL 3031136 at \*1 (E.D. Cal. Nov. 8, 2005) (citing Federick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)**, which provides that allowing "surreplies as a regular practice would put the court in the position of referring to an **endless volley** of **briefs**"). Additionally, a reply may not raise a new issue or argument not made in the initial motion. **See, e.g., Cedano-Viera v. Ashcroft, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) (citing Thompson v. Commissioner, 631 F.2d 642, 649 (9th Cir. 1980))**. "The court will therefore disregard any arguments raised for the first time in a reply and deny the parties leave to file any surreplies or supplements".

Neither the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies. **See Byrom v. Delta Family Care — Disability and Survivorship Plan, 343 F.Supp.2d 1163, 1188 (N.D.Ga.2004).** Although the Court may in its discretion permit the filing of a surreply, this discretion should be exercised in

---

[1] F.R.C.P. Rule 11 (c) SANCTIONS: (1) How Initiated. (B) On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief. ***See, e.g., Hammett v. Am. Bankers Ins. Co., 203 F.R.D. 690, 695 n. 1 (S.D.Fla.2001)*** ("Because Plaintiff presented new arguments and a new theory for certification in her Reply the Court will grant Defendants' Motion for Leave to File a Sur-Reply...."). This Court previously has warned that "[t]o allow such surreplies as a regular practice would put the court in the position of refereeing an **endless volley** of **briefs**." ***Garrison v. Northeast Georgia Med. Ctr., Inc., 66 F.Supp.2d 1336, 1340 (N.D.Ga.1999) (denying party's request for leave to file a surreply).***

**Attorneys for defendant FIFTH THIRD BANK have not filed a notice of appearance with the court:**

The 'APPEARANCE OF COUNSEL' form has not been filed into the court record.

**Dilatory tactics by Defendant:**

Defendant has filed misstatements in an attempt to support the Def's Motion to Dismiss filed on October 15, 2013.

The information provided by the Defendant in regards to the U.S. Court of Federal Claims Case 10-753 is erroneous. A review of the docket shows that Court of Claims agree that JAMES A WILLIAMS TRUST is a business trust as described in *Title 26 CFR 301-7701-4 (b)*. The Court agrees that there is no legal distinction between James Williams (owner) and JAMES A WILLIAMS TRUST (business trust). Both the U.S. Court of Federal Claims and the U.S. Court of Appeals for the Federal Circuit have allowed James Williams to file paperwork on behalf of JAMES A WILLIAMS TRUST.

**ORDER TO SHOW CAUSE ISSUED BY JUDGE WOLSKI ON 01/25/2011** (See attached Exhibit A)**:**

The argument that Judge Wolski introduced is identical to the argument raised by Judge Evans in this case. Judge Wolski issued a show cause order requiring the Plaintiff

to "..submit to the court a paper containing an adequate legal justification for non-attorney such as Mr. Williams to represent an entity such as the James A. Williams Trust."

**DECLARATION of James Williams filed on 01/31/2011** (See attached Exhibit B):

The information provided on Lines 28 – 89 of the Declaration has also been filed into the record in this matter. See lines 45 -126 of the Plaintiffs' "Affidavit in support of a Motion for Relief from an Order" filed on June 26, 2013.

**ORDER LIFTING THE STAY ISSUED IN THE ORDER TO SHOW CAUSE ISSUED BY JUDGE WOLSKI ON 02/09/2011** (See attached Exhibit C): Judge Wolski agrees that the Plaintiff has provided "adequate legal justification".

**ORDER DISMISSING PLAINTIFFS' CLAIM ISSUED BY JUDGE WOLSKI ON 12/28/2011:** Judge Wolski's unpublished opinion is based on facts inaccurately stated, fabricated and does not follow the controlling precedent. Judge Wolski erroneously states that James Williams may not represent the issues of the trust. Judge Wolski had already rescinded this statement when he lifted the stay on his own show cause order.

**PETITION FOR A PEREMPTORY WRIT OF MANDAMUS WAS FILED INTO THE U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT ON 02/23/2012 ( Case #12-5070):**

This matter is still before the court. Finally after unjust delay, case #12-5070 is being submitted to the panel of judges on December 06, 2013. In order to prevent any further erroneous arguments regarding issues of the trust the Clerk of the Court changed the caption of the case to show the real party in interest, James Williams as the Plaintiff.

**Defendant has chosen to ignore, conceal and disregard material and established facts that require a different result:**

Defendant has ignored Plaintiffs' Motion for Relief from an Order (Doc. #9) filed into the record on 07/05/2013 and the Plaintiffs' Judicial Notice (Doc. #13) filed into the record on 10/03/2013. By failing to respond the Defendant has agreed and admitted to

4

the statements and claims in Doc's #9 and #13 by 'tacit procuration' and therefore all issues are deemed settled res judicata, stare decisis and collateral estoppel.

**Paperwork filed by council is both unintelligible and confusing:**

Council's argument for filing the Motion to Dismiss is based upon the erroneous claim that Individual service on the representatives is required. (Specifically Jermain Pettis). Council states that they are attorneys for the Defendant FIFTH THIRD BANK however nowhere in the paperwork does council state that they are representing the individual Jermain Pettis.

Council's statement that Fifth Third Bank was not named as the Defendant on the July 01, 2013 summons is erroneous. The caption in the summons issued by the clerk of the court clearly identifies FIFTH THIRD BANK, et al. as the Defendant in this matter.

The address listed on the summons is as follows:

Jermain L. Pettis, Vice President Business Banking
Fifth Third Bank – Buckhead
Sovereign Building
3344 Peachtree Rd. Suite 800
Atlanta, Georgia 30325

Clearly the summons address's Jermain L. Pettis in his representative capacity as V.P. of Business Banking for FIFTH THIRD BANK. The location is FIFTH THIRD BANK's corporate office in Atlanta, Georgia.

**Reason for initially sending complaint and summons to Jermain L. Pettis, V.P. of Business Banking:**

Jermain L. Pettis, V.P of Business Banking is the account representative for the Business checking account #7460552230 in the name JAMES A WILLIAMS TRUST. Prior to filing a claim into court the Plaintiff was corresponding with Jermain Pettis in regards to the unauthorized debits occurring in the Plaintiffs' account. In an attempt to exhaust all administrative remedies, the Plaintiff sent a "Notice and Demand" to Jermain L. Pettis, V.P. of Business Banking. As a vice president, Jermaine L. Pettis can

5

109 reasonably be expected to provide notice to the corporation of the pending court case if
110 FIFTH THIRD BANK failed to meet the conditions in the Notice and Demand.

111      The Plaintiff does not rely upon the July 03, 2013 service of process to Jermain L.
112 Pettis, V.P. of Business Banking as the determining fact opposing the Defendant's
113 Motion to Dismiss. If that was the case than Document #15/16 would have included a
114 'Default Judgment' under *Rule 55* of the *F.R.C.P.* rather than a 'Demand for Entry of
115 Judgment' under *Rule 56* of the *F.R.C.P.* The purpose of this fact is to make the court
116 aware that after 5 months of receiving the summons and complaint the only paperwork
117 filed by the Defendant is a legal procedural argument based on a foundation of
118 misrepresentations.

119      A party who by motion invites the court to pass upon a threshold defense should
120 bring forward all the specified defenses he then has and thus allow the court to do a
121 reasonably complete job. The waiver reinforces the policy of subdivision (g) forbidding
122 successive motions.

123      While it was thought to be advisable to allow certain defenses to be raised by a
124 pre-answer motion, the potential abuse of the privilege by successive filings to gain
125 unjust delay was prevented by *subdivisions (g) and (h) of **Rule 12***. 2A *Moore's Federal*
126 *Practice ¶ 12.05 at 2240 (2d ed. 1975).*

127      In considering the operation of ***Rule 12(g)***, it is advisable to keep in mind that
128 **Rule 12** was drafted by the Advisory Committee to prevent the dilatory motion practice
129 fostered by common law procedure and many of the codes whereby numerous pretrial
130 motions could be made, many of them in sequence — a course of conduct that often was
131 pursued for the sole purpose of delay. At the same time, **Rule 12** is designed to protect
132 parties from the unintended waiver of any legitimate defense or objection. Indeed, the
133 only persons to whom **Rule 12(g)** presents a hazard are motion-minded lawyers who,
134 from force of habit or lack of good faith, cannot close their pleadings or come to issue
135 without attempting to make numerous motions.

Simply stated, the objective of the **rule** is to eliminate unnecessary delay at the pleading stage. Subdivision (**g**) contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available **Rule 12** defense and objection he may have that is assertable by motion. He cannot delay the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion but must present them simultaneously. Any defense that is available at the time of the original motion but is not included, may not be the basis of a second pre-answer motion.

5 Wright & Miller, supra, § 1384 at 837 (footnotes omitted).

## COURTS WILL QUASH SERVICE RATHER THAN DISMISS AN ACTION BASED ON RULE 12(b)(5):

Even if the Defendant's council proved that process has not been properly served on the defendant, a district court has broad discretion to either dismiss the complaint or quash service. ***Case 3:13-cv-00849-AJB-MDD Document 21 Filed 09/03/13 service of process. Umbenhauer v. Woog, 969 F.2d 25, 31 (3d Cir. 1992)***. However, if it appears that effective service can be made and there has been no prejudice to the defendant, a court will quash service rather than dismiss the action.

Successful motions to dismiss a complaint are a rarity, more the subject of law school civil procedure classes than actual practice. There are several reasons for this. One is the modern doctrine mandating liberal pleadings standards. In effect this means that courts will look not so much at the artfulness in the drafting of the complaint as much as the substance of the purported claim. There is also a corollary to this doctrine: The courts have a general policy of determining actions on the merits.

Rule 12(g)(2) requires a defendant to raise certain Rule 12 defenses including insufficient process and failure to state a claim in a single motion, see also ***Am. Assn of Neuropathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2004).***

Much attention is paid to FRCP 12(b)(6) in law school civil procedure classes because it is an excellent device for focusing legal neophytes on the concepts of "cause

of action" and "justiciability." Unfortunately this emphasis may leave some lawyers with a disproportionate sense of the importance of the Rule in real life practice. In fact, motions under this Rule are granted sparingly, and invocation of the provision carries a high degree of cost and risk in almost every circumstance. It must be remembered that there is not a home run in every game, and that swinging for the fences is usually a ticket back to the dugout.

**Summary Judgment Standard**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P. 56(c).* The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. *Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir.1999).* Once the moving party has met this burden, the non-moving party has the burden of producing sufficient evidence that there is a genuine issue of material fact in dispute which would allow a reasonable finder of fact to rule in its favor. *Anderson, 477 203 U.S. at 256; 106 S. Ct. at 2514.* Such evidence need not be admissible at trial; nevertheless, mere denials, conclusory statements or evidence that is merely colorable or not significantly probative is not sufficient to preclude summary judgment. *Celotex, 477 U.S. at 324, 106 S. Ct. at 2554; Anderson, 477 206 U.S. at 249-50, 106 S. Ct. at 2511; and Mingus, 812 F.2d at 1390-91,207*

Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment for the moving party is proper. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).*

In this case instead of filing paperwork in response to the Plaintiffs' Motion for Judgment (Doc. #16), filed on October 29, 2013, the Defendant has chosen to file

additional and redundant arguments (Doc. #17) in support of its Motion to Dismiss (Doc. #14) filed on October 15, 2013.

Defendant's Reply in Support of a Motion to Dismiss, (Doc. #17) is a thinly veiled attempt by the Defendant to get the last word in these proceedings. Nothing in the Plaintiffs' Opposition to Defendants' Motion to Dismiss (Doc. #15) brief warrants the granting of a surreply. This is even more apparent when this Honorable Court considers the disfavored view of granting surreplies and the delay this would cause in the present case. The arguments raised by the Defendant in Doc. #17 are either moot or meritless and thus should be stricken from the record.

**Defendant's motion to dismiss was unreasonable, vexatious and caused the proceedings to multiply:**

In this case the defendant erected a rather imposing legal argument based on a foundation of misrepresentations. The Plaintiffs' 'Response in Opposition to the Defendant's Motion to Dismiss' (Doc. #15) illuminates the frivolity of the defendant's position. It is clear that an attorney must not omit facts critical to the application of the rule of law relied on by the Court. Here, the plaintiff was required to spend time preparing legal arguments defending its position and incurring additional mailing costs because of the defendant's allegations.

Attorneys are officers of the Court and their first duty is to the administration of justice. An attorney has a professional duty to dismiss a baseless motion or lawsuit, even over client's objection, and to do so promptly on learning that the client's position is without merit. A lawyer shall make reasonable efforts to expedite litigation consistent with the client's interest. Attorneys' attempts to prolong litigation often prove costly and unproductive.

The lawyer's duty to place his client's interests ahead of all others presupposes that the lawyer will live with the rules that govern the system. Unlike the polemicist haranguing the public from his soapbox in the park, the lawyer enjoys the privilege of a

9

professional license that entitles him to entry into the justice system to represent his client and, in doing so, to pursue his profession and earn his living. He is subject to the correlative obligation to comply with the rules and to conduct himself in a manner consistent with the proper functioning of that system.

**CONCLUSION:**

The Plaintiffs' Complaint is not unintelligible or confusing and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint clearly has a more than sufficient statement of the claim and more than meets the requirement that it be "short and plain." For example, the Complaint specifically identifies the actions of the Defendant and how those actions are wrongful. It describes in more than necessary detail the facts that the Defendant unlawfully debited $214,000.00 USD from the JAMES A WILLIAMS TRUST commercial business checking account #7460552230. Finally, the Complaint clearly puts the Defendant on fair notice[2] of the charges against them.

**Commercial Affidavit, 28 USC 1746:**

I, James Williams, affiant, real party in interest and owner/beneficiary for JAMES A WILLIAMS TRUST do hereby certify and affirm under penalty of perjury under the laws of the United States of America and on my full commercial liability, that I have read the 'Plaintiffs' Response to Defendant's Reply in Support of a Motion to Dismiss' and know the content thereof, and that, to the best of my knowledge, understanding, and belief, it is true, correct, complete, not misleading, and is the truth, the whole truth, and nothing but the truth.

November 18, 2013

James Williams, affiant, real party in interest  for
JAMES A WILLIAMS TRUST

---

[2] First service occurred on July 03, 2013 (office/managing agent); Acknowledgement of this service was given to the court by the Defendant on 10/15/2013 (Doc. #14). Second service occurred on September 24, 2013 (agent authorized by appointment or by law to receive service of process), Affidavit of Service and Proof of Service filed on September 25, 2013 (Doc. #12).

PRO SE

# US Court of Federal Claims
## United States Court of Federal Claims (COFC)
## CIVIL DOCKET FOR CASE #: 1:10-cv-00753-VJW

WILLIAMS v. USA
Assigned to: Judge Victor J. Wolski
Demand: $1,138,000
Cause: 28:1491 Tucker Act

Date Filed: 11/01/2010
Jury Demand: None
Nature of Suit: 224 Tax - 100% Penalty
26:6672 Withholding
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**JAMES A. WILLIAMS**
*TRUST*

represented by **JAMES A. WILLIAMS**
c/o Box 72545
345 Bloor Street East
No. Five
Toronto, Ontario
CANADA
(416) 944-8494
PRO SE

V.

**Defendant**

**USA**

represented by **Gregory S. Knapp**
United States Department of Justice - Tax
Division
P.O. Box 26
Ben Franklin Station
Washington, DC 20044
(202) 307-3350
Fax: (202) 524-9440
Email: gregory.s.knapp@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/01/2010 | 1 | *SEALED* COMPLAINT against USA (TRE) (Five copies served on Department of Justice), filed by JAMES A. WILLIAMS. Answer due by 1/3/2011.(dw1) (Entered: 11/04/2010) |
| 11/01/2010 | 2 | NOTICE of Assignment to Judge Victor J. Wolski. (dw1) (Entered: 11/04/2010) |
| 12/03/2010 | 3 | NOTICE of Appearance by Gregory S. Knapp for USA. Service: 12/3/2010.(dw1) (Entered: 12/03/2010) |
| 12/20/2010 | 4 | MOTION entry of judgment or alternative dispute resolution, filed by JAMES A. WILLIAMS. Service: 12/14/2010. Response due by 1/6/2011.(dw1) (Entered: |

| | | |
|---|---|---|
| | | 12/21/2010) |
| 12/23/2010 | 5 | MOTION for Extension of Time until 3/4/2011 to File Answer re 1 Complaint filed by USA. Service: 12/23/2010. **Response due by 1/10/2011.**(dw1) (Entered: 12/27/2010) |
| 01/05/2011 | 6 | RESPONSE to 5 MOTION for Extension of Time until 3/4/2011 to File Answer re 1 Complaint, filed by JAMES A. WILLIAMS. **Reply due by 1/10/2011.** Service: 12/28/2010.(dw1) (dw1). (Entered: 01/05/2011) |
| 01/10/2011 | 7 | REPLY to Response to Motion re 5 MOTION for Extension of Time until 3/4/2011 to File Answer re 1 Complaint, filed by USA. Service: 1/10/2011.(dw1) (dw1). (Entered: 01/11/2011) |
| 01/12/2011 | 8 | ORDER granting 5 Motion for Extension of Time to Answer. **Answer due by 2/7/2011.** Signed by Judge Victor J. Wolski. (dw1) (dw1). (Entered: 01/12/2011) |
| 01/25/2011 | 9 | ORDER TO SHOW CAUSE **Plaintiff's Show Cause Response due by 2/24/2011. Defendant's response to the complaint is STAYED.** Signed by Judge Victor J. Wolski. (bre, ) (Entered: 01/28/2011) |
| 02/03/2011 | 10 | RESPONSE to 9 Order to Show Cause filed by JAMES A. WILLIAMS, by leave of the Judge. Service: 1/31/2011.(dw1) (Additional attachment(s) added on 2/16/2011: # 1 Supplement, # 2 Supplement) (dw1). (Entered: 02/09/2011) |
| 02/09/2011 | 11 | SCHEDULING ORDER: In response to the January 25, 2011 Order to Show Cause plaintiff has submitted three documents which were received by the clerk's office on February 3, 2011. These documents were not filed upon receipt because each failed to conform to the Court's rules. To avoid delays in filing and associated inconveniences the clerk's office is directed to file the three documents collectively and treat the documents as plaintiff's response the Order to Show Cause. The stay issued in the Order to Show Cause is hereby LIFTED. **Answer due by 2/16/2011.** Signed by Judge Victor J. Wolski. (dw1) (dw1). (Entered: 02/09/2011) |
| 02/11/2011 | 12 | ORDER denying 4 Motion for summary judgment. Signed by Judge Victor J. Wolski. (dw1) (dw1). (Entered: 02/15/2011) |
| 02/11/2011 | 13 | RESPONSE to 5 MOTION for Extension of Time until 3/4/2011 to File Answer re 1 Complaint, filed by JAMES A. WILLIAMS, by leave of the Judge. **Reply due by 2/25/2011.** Service: 12/28/2010.(dw1) (dw1). (Entered: 02/15/2011) |
| 02/11/2011 | 14 | SUPPLEMENTAL RESPONSE to Motion for extension of time filed by JAMES A. WILLIAMS, by leave of the Judge. Service: 1/7/2011.(dw1) (dw1). (Entered: 02/15/2011) |
| 02/16/2011 | 15 | MOTION to Dismiss pursuant to Rules 12(b)(1) and (6), filed by USA. Service: 2/16/2011. **Response due by 3/21/2011.**(dw1) (dw1). (Entered: 02/17/2011) |
| 02/25/2011 | 16 | MOTION to Strike 15 MOTION to Dismiss pursuant to Rules 12(b)(1) and (6) (Response due by 3/14/2011) and MOTION for Judgment on the Pleadings (Response due by 3/28/2011.), filed by JAMES A. WILLIAMS. Service: 2/22/2011. (dw1) (dw1). (Entered: 02/28/2011) |
| 03/04/2011 | 17 | ORDER re: Plaintiff's copies of Buckingham Palace envelope with handwriting and two (2) compact discs of the complaint received on February 22, 2011. Signed by Judge Victor J. Wolski. (dw1)Copy to parties. (dw1). (Entered: 03/08/2011) |

EXHIBIT A

EXHIBIT B

EXHIBIT C

| 03/14/2011 | 18 | RESPONSE to 12 Order on Motion for Miscellaneous Relief, filed by JAMES A. WILLIAMS. Service: 3/11/2011.(dw1) (dw1). (Entered: 03/14/2011) |
| 03/14/2011 | 19 | RESPONSE to 16 MOTION to Strike 15 MOTION to Dismiss pursuant to Rules 12(b)(1) and (6) MOTION for Judgment on the Pleadings MOTION to Strike 15 MOTION to Dismiss pursuant to Rules 12(b)(1) and (6), filed by USA. **Reply due by 3/24/2011.** Service: 3/14/2011.(dw1) (dw1). (dw1). (Entered: 03/15/2011) |
| 03/29/2011 | 20 | REPLY to Response to Motion re 16 MOTION to Strike 15 MOTION to Dismiss pursuant to Rules 12(b)(1) and (6) MOTION for Judgment on the Pleadings MOTION to Strike 15 MOTION to Dismiss pursuant to Rules 12(b)(1) and (6), filed by JAMES A. WILLIAMS, by leave of the Judge. Service: 3/29/2011.(dw1) (dw1). (Entered: 03/29/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/02/2011 20:33:20 | | |
| PACER Login: | ih0393 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:10-cv-00753-VJW |
| Billable Pages: | 2 | Cost: | 0.16 |

# CERTIFICATE OF SERVICE

I certify that the following:

1) Plaintiff's Response to Defendant's Reply in Support of Motion to Dismiss;

2) Exhibit 'A' – Order to Show Cause, Federal Court of Claims, Case #1:10-cv-00753-VJW;

3) Exhibit 'B' – Plaintiff's Declaration in Response to Order to Show Cause, Federal Court of Claims, Case #1:10-cv-00753-VJW;

4) Exhibit 'C' – Order Lifting Show Cause, Federal Court of Claims, Case #1:10-cv-00753-VJW.

was sent on November 20, 2013 by USPS Priority Mail #**9405 5036 9930 0130 1520 81** to Francisco Xavier Balderas, Carlton Fields, PA- Atlanta, Attorney to be noticed at the address listed below.

**Francisco Xavier Balderas**
Carlton Fields, PA - Atlanta
One Atlantic Center, Suite 3000
1201 W. Peachtree St.
Atlanta, GA 30309

JAMES A WILLIAMS TRUST

By: _____ , TEE
Peter Papoulias, Trustee/Account Administrator
Telephone: 404-704-0898
peterpapoulias@hotmail.com

November 20, 2013

ORIGINAL                                      EXHIBIT 'A'

# In the United States Court of Federal Claims

No. 10-753T
(Filed January 25, 2011)

FILED
JAN 2 5 2011
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                             *
JAMES A. WILLIAMS TRUST,                     *
                                             *
              Plaintiff,                     *
                                             *
       v.                                    *
                                             *
THE UNITED STATES,                           *
                                             *
              Defendant.                     *
                                             *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER TO SHOW CAUSE

While in the course of reviewing several items submitted on behalf of the plaintiff, which were not filed upon receipt due to non-conformance with the Court's rules, it has come to the attention of the Court that this case appears to have never properly commenced. Rule 11 of the Rules of the United States Court of Federal Claims ("RCFC") provides that "[e]very pleading, written motion, and other paper must be signed by or for the attorney of record in the attorney's name -- or by a party personally if the party is unrepresented." RCFC 11(a).[1] Rule 83.1 of the RCFC further provides that "[a]n individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any proceeding before this court." RCFC 83.1(a)(3). If a paper is submitted to the Court without the signature of the party or an attorney representing the party, the Court must strike the unsigned paper unless the error is promptly corrected. RCFC 11(a).

The plaintiff in this matter is purported to be the James A. Williams Trust ("the Trust"). Plaintiff's documents have been signed by James Williams, in various capacities (including "real party in interest," "grantor/beneficiary," and *attornatus privatus*"). To the Court's knowledge, Mr. Williams is not admitted as an attorney before the Court of Federal Claims. Since Mr. Williams is not an attorney, he is only allowed to represent himself or a member of his immediate family. The Court is not aware of any rule, law, or applicable precedent that would allow Mr. Williams to represent an entity such as the James A. Williams Trust.

---

[1] For convenience of the plaintiff, the current RCFC can be found under the "Rules and Forms" link on the left side of the Court of Federal Claims homepage (www.uscfc.uscourts.gov).

It therefore appears to the Court that none of the papers submitted by Mr. Williams on behalf of the Trust are properly signed. The Trust is hereby given 30 days to submit to the Court a paper containing an adequate legal justification for a non-attorney such as Mr. Williams to represent an entity such as the James A. Williams Trust, or to re-submit the complaint and all documents with the signature of an attorney admitted to practice before the Court of Federal Claims. If the Trust fails to re-submit its documents over the signature of qualified counsel on or before **Thursday, February 24, 2011**, and Mr. Williams fails to show cause for his authority to represent the Trust by that date, the Court will strike all of the documents submitted by Mr. Williams on behalf of the Trust. Without a complaint, or any proper filing, the Court would then dismiss this case as void *ab initio*.

Defendant's response to the complaint is **STAYED** pending the resolution of this issue. If Mr. Williams chooses to submit a legal paper justifying his representation of the Trust, the government may file a response within 17 days of the date of service. Plaintiff is also advised that the purported assignment of negotiable instruments does not satisfy the requirement that a $350 filing fee be paid in order to maintain a case in our Court.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge

-2-

ORIGINAL COPY

# The United States Court of Federal Claims

## JAMES A WILLIAMS TRUST

### Vs.

## THE UNITED STATES

### Case #10-753T

**Declaration, Petition for a Writ of Alternative Mandamus, Writ of Alternative Mandamus**

**January 31, 2011**

FILED

FEB 3 2011

U.S. COURT OF
FEDERAL CLAIMS

by leave of the Judge

EXHIBIT

'B'

" FILED ON

DEMAND "

## *Table of Contents:*

1. *Declaration of James Williams*.................................................................................9 pages

2. *Petition for a Writ of Alternative Mandamus*...........................................................13 pages

3. *Writ of Alternative Mandamus*.................................................................................2 pages

4. *Show Cause issued by inferior court not of record*....................................................2 pages

5. *Page 11 of the 1041 instructions*..............................................................................1 page

6. *List of past 170 tax cases filed into the U.S. Court of Federal Claims*.........................2 pages

7. *Commercial oath and Agreement with  Elizabeth Alexandra Mary Windsor*............1 page

8. *Letter from Queen Elizabeth the second*....................................................................1 page

9. *Page 24 and 25 of the complaint issued on November 01, 2010*................................2 pages

Court case #10-753T          Document #22          Declaration of James Williams  issued 01/31/11

1   *James Williams,*
2   *Non-Domestic, Foreign Mail near:*
3   *c/o Box 72545*
4   *345 Bloor Street East No. Five*
5   *Toronto*
6   *Ontario*
7   *Plaintiff*
8
9              ***In The United States Court of Federal Claims***
10                          ***District of Columbia***
11
12
13   *JAMES A WILLIAMS TRUST[1]*          **Case No. 10–753 T**
14   *James Williams[2]*
15   *Plaintiff*                          ***Declaration of James Williams***
16
17   *Vs.*
18                                        ***January 31, 2011***
19   *THE UNITED STATES*
20   *Defendants*
21
22
23

24   **[1]**   *James Williams is one of the people of America and in this court of record declares the following*
25   *to wit: The following statement verifies that there is no legal distinction between James Williams*
26   *(owner) and JAMES A WILLIAMS TRUST (business trust). This information can be referenced in the*
27   *November 1, 2010 documentation filed into the record. See page 24 line 157 and footnote #33.*

28        *Title 26 CFR 301-7701-4 (b) Business trusts. There are other arrangements which are known as*
29   *trusts because the legal title to property is conveyed to trustees for the benefit of beneficiaries, but which*
30   *are not classified as trusts for purposes of the Internal Revenue Code because they are not simply*
31   *arrangements to protect or conserve the property for the beneficiaries. These trusts, which are often*
32   *known as business or commercial trusts, generally are created by the beneficiaries simply as a device to*
33   *carry on a profit-making business which normally would have been carried on through business*
34   *organizations that are classified as corporations or partnerships under the Internal Revenue Code.*

---

[1]   A business entity with only one owner is classified as a corporation or is disregarded; if the entity is disregarded, its activities are treated in the same manner as a sole proprietorship, branch, or division of the owner. A sole proprietorship, also known as a sole trader or simply a proprietorship, is a type of business entity that is owned and run by one individual and in which **there is no legal distinction between the owner and the business. Emphasis added.**Title 26 CFR 7701-4(b) and Title 26 CFR 7701-2
[2]   Read above information.

Court case #10-753T          Document #22     Declaration of James Williams  issued 01/31/11

35  *However, the fact that the corpus of the trust is not supplied by the beneficiaries is not sufficient reason in*

36  *itself for classifying the arrangement as an ordinary trust rather than as an association or partnership.*

37  *The fact that any organization is technically cast in the trust form, by conveying title to property to*

38  *trustees for the benefit of persons designated as beneficiaries, will not change the real character of the*

39  *organization if the organization is more properly classified as a business entity under §301.7701–2.*

40      *Title 26 CFR 7701-2. Business entities. For purposes of this section and §301.7701–3, a business*

41  *entity is any entity recognized for federal tax purposes (including an entity with a single owner that may*

42  *be disregarded as an entity separate from its owner under §301.7701–3) that is not properly classified as*

43  *a trust under §301.7701–4 or otherwise subject to special treatment under the Internal Revenue Code. A*

44  *business entity with two or more members is classified for federal tax purposes as either a corporation or*

45  *a partnership. **A business entity with only one owner** is classified as a corporation **or is***

46  ***disregarded; if the entity is disregarded, its activities are treated in the same manner as a***

47  ***sole proprietorship**, branch, or division of the owner.*

48  *(a)     A sole proprietorship, also known as a sole trader or simply a proprietorship, **is a type of***

49  ***business entity that is owned and run by one individual and in which there is no legal***

50  ***distinction between the owner and the business.   Emphasis added.** The owner receives all*

51  *profits (subject to taxation specific to the business) and has unlimited responsibility for all losses and*

52  *debts. Every asset of the business is owned by the proprietor and all debts of the business are the*

53  *proprietor's. This means that the owner has no less liability than if they were acting as an individual*

54  *instead of as a business. It is a "sole" proprietorship in contrast with partnerships.*

55  *[3]     Exhibit #3 Page 103 of the documentation filed into the record on November 1, 2010 had stated*

56  *the following. Page 103 was a copy of page 11 of the 1041 instructions: **"In general, a grantor trust is***

57  ***ignored for income tax purposes and all of the income, deductions, etc. are treated as***

58  ***belonging directly to the grantor. This also applies to any portion of the trust that is***

59  ***treated as a grantor trust."***

60 **[4]**    *JAMES A WILLIAMS TRUST is a "fiscally transparent entity" as defined on page 13 of the IRS*

61 *2010 General Instructions for Certain Information Returns.*

62 **[5]**    *I have been continuously and intimately involved in this case at all times.  Since there is no legal*

63 *distinction between myself and the business my interests have been identical to those of JAMES A*

64 *WILLIAMS TRUST.  I have been injured by the activities of the other parties in this case.  In substance,*

65 *there are no differences among the interests of JAMES A WILLIAMS TRUST and those of myself.*

66 **[6]**    *The parties are identified in the cause of action however, if the clerk or magistrate feels that the*

67 *caption needs to be shown differently than the clerk is authorized to make the necessary change to the*

68 *caption.*

69 **[7]**    *Correlatively, Rule 17 requires the joinder of the real party in interest, RCFC 17(a)(1) ("An action*

70 *must be prosecuted in the name of the real party in interest."), and RCFC 17(a)(3) requires the joinder or*

71 *substitution of the real party in interest. RCFC 17(a)(3) ("The court may not dismiss an action for failure*

72 *to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been*

73 *allowed for the real party in interest to ratify, join, or be substituted into the action."). The Federal*

74 *Circuit has instructed that Rule 17 is guided by a "general principle that actions should be brought in the*

75 *name of the real party in interest and that courts should be lenient in permitting ratification, joinder, or*

76 *substitution of that party." First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279,*

77 *1289 (Fed. Cir. 1999).*

78 **[8]**    *Conceptually, [t]he real party in interest is one who has a "real, actual, material or substantial*

79 *interest in the subject matter of the action." 59 Am. Jur. 2d Parties § 36 [1986]. The general rule that only*

80 *a party to the contract can enforce the contract has been modified by the real party in interest statutes*

81 *and rules. 59 Am. Jur. 2d Parties § 28 [1986]. One of the purposes of this modification is to relax the strict*

82 *common law rules "to enable those who are directly interested but not parties to the contract to maintain*

83 *an action for its breach." Edward Kraemer & Sons, Inc. v. City of Kansas, 874 F. Supp. 332, 335 (D. Kan.*

84 *1995); see also First Annapolis Bancorp, Inc. v. United States, 54 Fed. Cl. 529, 542 (2002). "As with Fed.*

85 *R. Civ. P. 17(a), the purpose of RCFC 17(a) is to 'enable a defendant to present defenses he has against the*

90   *[9]    The Plaintiff had invoked the jurisdiction of the Court of Federal Claims under the Tucker Act by*
91   *meeting the requirements of two out of the three underlying monetary claims. Line 112 − 132 of the*
92   *November 01, 2010 documentation filed into the record is incorporated by reference as though fully*
93   *stated herein.*

94   *[10]   For the first type of monetary claim the following evidence was entered in the footnotes.*
95   ***Speaker-Rep. James Traficant, Jr. (Ohio) addressing the House:*** *"Mr. Speaker, we are here*
96   *now in chapter 11. Members of Congress are official trustees presiding over the greatest reorganization*
97   *of any Bankrupt entity in world history, the U.S. Government. We are setting forth hopefully, a blueprint*
98   *for our future. There are some who say it is a coroner's report that will lead to our demise.*

99   *It is an established fact that the United States Federal Government has been dissolved by the*
100  *Emergency Banking Act, March 9, 1933, 48 Stat. 1, Public Law 89-719; declared by President Roosevelt,*
101  *being bankrupt and insolvent. H.J.R. 192, 73rd Congress m session June 5, 1933 - Joint Resolution to*
102  *Suspend the Gold Standard and Abrogate the Gold Clause dissolved the Sovereign Authority of the*
103  *United States and the official capacities of all United States Governmental Offices, Officers, and*
104  *Departments and is further evidence that the United States Federal Government exists today in name*
105  *only. 28 \*63C Am.Jur.2d, Public Officers and Employees, §247\* "As expressed otherwise, the powers*
106  *delegated to a public officer are held in trust for the people and are to be exercised in behalf of the*
107  *government or of all citizens who **may need the intervention** of the officer. [1] Furthermore, the view*
108  *has been expressed that all public officers, within whatever branch and whatever level of government,*
109  *and whatever be their private vocations, are trustees of the people, and accordingly labor under every*
110  *disability and prohibition imposed by law upon trustees relative to the making of personal financial gain*
111  *from a discharge of their trusts. ..[3] **and owes a fiduciary duty to the public**... [4] It has been said*
112  *that the fiduciary responsibilities of a public officer cannot be less than those of a private individual. [5]*
113  *Furthermore, it has been stated that any enterprise undertaken by the public official who **tends to***
114  ***weaken public confidence and undermine the sense of security for individual rights is***
115  ***against public policy***. *Fraud in its elementary common law sense of deceit-and this is one of the*

Court case #10-753T          Document #22          Declaration of James Williams  issued 01/31/11

112    *Furthermore, it has been stated that any enterprise undertaken by the public official who **tends to***

113    ***weaken public confidence and undermine the sense of security for individual rights is***

114    ***against public policy**. Fraud in its elementary common law sense of deceit-and this is one of the*

115    *meanings that fraud bears [483 U.S. 372] in the statute. See **United States v. Dial**, 757 F.2d 163, 168*

116    *(7th Cir1985) includes the **deliberate concealment of material information in a setting of***

117    ***fiduciary obligation**. A public official is a fiduciary toward the public ... and if he deliberately conceals*

118    *material information from them, he is guilty of fraud. McNally v United States 483 U.S. 350 (1987)*

119    *[Emphasis added] Since James Williams is one of the people he is therefore a beneficiary to the debtor-in-*

120    *possession the Defendant(s) and the above monetary claim has been met.*

121    ***[11]*** *For the second type of monetary claim the following evidence was entered. The overpayment*

122    *originates from assets that were loaned by the Plaintiff to the HSBC  BANK CANADA, ROYAL BANK*

123    *CANADA, TORONTO DOMINION BANK and CANADA  REVENUE AGENCY during the 2005, 2006,*

124    *2008 and 2009 calendar tax years. These assets had been reported as "Deposit liabilities" by these*

125    *corporate entities. Schedules RC-Balance Sheet and RC-E. These assets represent the compensation from*

126    *James Williams labour. In commerce, only men and women create liability or debt money.  Corporations*

127    *carry the debt, but men and women are the creditors of the money.  Men and women are what are*

128    *known as the SPONSORS OF THE CREDIT or the PRINCIPAL AND SURETY. When the 1099 information*

129    *returns were filed on behave of JAMES A WILLIAMS TRUST the above entities were supposed to file*

130    *duplicate copies as stated in the instructions of the 1099-OID forms. As stated by the Federal revenue*

131    *laws, the entities listed above had to then file Department of the Treasury Form 945.*

132    ***[12]  ADDITIONAL  FACTS:** Although this Court has already issued an order refusing the*

133    *Defendant(s) motion for enlargement of time. The Plaintiff has uncovered newly discovered evidence*

134    *showing the dilatory tactics used by the counsel for the Defendant(s).*

135    *The Defendant(s) counsel had stated that the IRS takes a long time to gather the necessary files. In*

136    *the Defendant(s) response filed on January 10, 2011 the counsel stated the following: "The files generally*

137    *include any tax returns or refund claims submitted by the taxpayer, information on the IRS's processing*

Case 1:10-cv-00753-VSW   Document 10-2   Filed 02/03/11   Page 8 of 11

Court case #10-753T                     Document #22        Declaration of James Williams  issued 01/31/11

138    *of those returns and claims, and a detailed transcript of the taxpayer's account. In defendant's counsel's*

139    *experience, it often requires more time than the initial **sixty-day** response period."*

140        *The problem with the above statement is that the information provided by the IRS in the instructions*

141    *for FORM 4506 T contradicts the above timeline given by the Department of Justice. As stated on the*

142    *Department of Treasury Form 4506T:*

143    *a)    **Return Transcript,** which includes most of the line items of a tax return as filed with the IRS. A*

144    *tax return transcript does not reflect changes made to the account after the return is processed.*

145    *Transcripts are only available for the following returns: Form 1040 series, Form 1065, Form 1120,*

146    *1120A, Form 1120H, Form 1120L, and Form 1120S. Return transcripts are available for the current year*

147    *and returns processed during the prior 3 processing years. Most requests will be processed within **10***

148    ***business days.***

149    *b)    **Account Transcript,** which contains information on the financial status of the account, such as*

150    *payments made on the account, penalty assessments, and adjustments made by you or the IRS after the*

151    *return was filed. Return information is limited to items such as tax liability and estimated tax payments.*

152    *Account transcripts are available for most returns. Most requests will be processed within **30 calendar***

153    ***days.***

154    *c)    **Record of Account,** which is a combination of line item information and later adjustments to*

155    *the account. Available for current year and 3 prior tax years. Most requests will be processed within*

156    ***30 calendar days.***

157    ***Verification of Nonfiling,** which is proof from the IRS that you **did not** file a return for the year.*

158    *Current year requests are only available after June 15th. There are no availability restrictions on prior*

159    *year requests. Most requests will be processed within **10 business days.***

160    ***Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript.** The IRS can*

161    *provide a transcript that includes data from these information returns. State or local information is not*

162    *included with the Form W-2 information. **The IRS may be able to provide this transcript***

163    ***information for up to 10 years.** Information for the current year is generally not available until the*

6

Court case #10-753T                   Document #22        Declaration of James Williams  issued 01/31/11

164    *year after it is filed with the IRS. For example, W-2 information for 2007, filed in 2008, will not be*

165    *available from the IRS until 2009. If you need W-2 information for retirement purposes, you should*

166    *contact the Social Security Administration at 1-800-772-1213. **Most requests will be processed***

167    ***within 45 days.***

168    *[13]    The IRS state that it takes **30 days** to gather the information that the Department of Justice is*

169    *requesting.  Therefore, how can the Department of Justice state that when they request these same files*

170    *from the IRS, it takes over 60 days.  Furthermore, the IRS states that it takes 45 days to provide the*

171    *Plaintiff with the tax information for up to **10 years.***

172    ***DOJ stated in their motion for enlargement of time...**"In defendant's counsel's experience, it often*

173    *requires more time than the initial sixty-day response period, CFCR 12(a)(1)(A), for the IRS to locate,*

174    *assemble, and forward these files. That is particularly so where, as here, the tax refund suit involves*

175    *multiple tax years and what appears from plaintiff's complaint to be an extensive history of claim*

176    *activity on the taxpayer's account."*

177    *[14]    **Response to the above:**"In defendant's counsel's experience" – The Plaintiff demands strict*

178    *proof from prior court cases in which counsel had waited over 60 days for the IRS to forward the*

179    *necessary files. The Plaintiff has reviewed the past **170 tax** cases filed in the U.S. Court of Federal Claims*

180    *and out of these 170 cases the DOJ has never complained about having to wait for the IRS to send them*

181    *paperwork. Furthermore, the Plaintiff could not find one case where the DOJ had filed a Motion for*

182    *Enlargement of Time. (see attached document for list of cases)."it often requires more time than the*

183    *initial sixty-day response period" – The Plaintiff demands strict proof from the counsel in regards to this*

184    *statement. Internal Revenue Manual section 21.2.3.4 (10-01-2010) Transcripts Procedures:*

185    *Effective May 16, 2005, the Transcript Delivery System (TDS) was made available to IRS employees.*

186    *TDS delivers tax account and return information to the user instantly along with an appropriate cover*

187    *letter (when applicable). The following is a list of products available through TDS:*

188    *Account Transcripts, Return Transcripts, Record of Account Transcripts, Wage and Income Information*

189    *Documents, Verification of Non-Filing.*

7

190    *[15]    The Attorney/Client work product privileges means that any DOJ attorney can get instant access*
191    *to the Plaintiffs' tax information. IRS/DOJ employees can also select one of the following delivery*
192    *methods: On-line (immediate-shown on screen/online), Facsimile, Secure Object Repository (SOR) or e-*
193    *Services mailbox, Postal mail.*

194    *[16]    The following information shows how long it takes for the Plaintiff to receive this same*
195    *information. Taxpayers order transcripts by calling the ICCE application or a Customer Service*
196    *Representative (CSR), visiting an IRS office, or sending Form 4506-T,, Request for Transcript of Tax*
197    *Return, to the Request and Income Verification Services (RAIVS) Unit. ICCE orders will feed into the TDS*
198    *and IRS employees with TDS access will be placing orders on the TDS. Transcripts will be delivered to*
199    *the requestor **within 1-15 days** from the order date, depending on the TDS delivery option chosen by*
200    *the requestor. ICCE orders will be mailed via regular postal mail. Orders placed by an IRS employee can*
201    *be delivered via fax or to the SOR (e-Services mailbox). See IRM 21.2.3.4.1 (7).*

202    *[17]    For return transcript orders, **allow 5-10 calendar days** from date of request. See IRM*
203    *21.2.3.4.1.4. For account transcript orders, **allow 5-10 calendar days** from the date of request. If you*
204    *are staffing the Accounts Management (AM) toll-free line and a request will not be completed by the end*
205    *of your work shift, advise the taxpayer of a **30-day time frame**. See IRM 21.2.3.4.1.5 .*

206    *[18]    Form 4506, Request for Copy of Tax Return, and Form 4506–T, Request for Transcript of Tax*
207    *Return, and other written requests are usually processed in RAIVS. If they are processed in Accounts*
208    *Management, they must be processed per RAIVS guidelines in IRM 3.5.20, Processing Requests for Tax*
209    *Return/Return Information. This includes preprocessing review for completeness. **Allow 5-10***
210    ***calendar days** from the date of the request.*

211    *[19]    Therefore, it is obvious that the Department of Justice's motion for enlargement of time was*
212    *simply a dilatory tactic and had interfered with the conduct of the business of the court, and subsequently*
213    *the rights of the parties to orderly due process and the authority and dignity of the court.*

214    *[20]    52.228–14 Irrevocable Letter of Credit. As prescribed in 28.204–4, insert the following clause:*

Court case #10-753T          Document #22        Declaration of James Williams issued 01/31/11

215  *IRREVOCABLE LETTER OF CREDIT (DEC 1999) (a) "Irrevocable letter of credit" (ILC), as used in this*
216  *clause, means a written commitment by a federally insured financial institution to pay all or part of a*
217  *stated amount of money, until the expiration date of the letter, upon presentation by the Government*
218  *(the beneficiary) of a written demand therefore. Neither the financial institution nor the*
219  *offeror/Contractor can revoke or condition the letter of credit. (b) If the offeror intends to use an ILC in*
220  *lieu of a bid bond, or to secure other types of bonds such as performance and payment bonds, the letter of*
221  *credit and letter of confirmation formats in paragraphs (e) and (f) of this clause shall be used. (c) The*
222  *letter of credit shall be irrevocable, shall require presentation of no document other than a written*
223  *demand and the ILC (including confirming letter, if any), shall be issued/confirmed by an acceptable*
224  *federally insured financial institution as provided in paragraph (d) of this clause.*
225  **§ 9303. Use of eligible obligations instead of surety bonds:** *(a) If a person is required under a*
226  *law of the United States to give a surety bond, the person may give an eligible obligation as security*
227  *instead of a surety bond. The obligation shall— (1) be given to the official having authority to approve the*
228  *surety bond; (2) as determined by the Secretary of the Treasury, have a market value that is equal to or*
229  *greater than the amount of the required surety bond; and (3) authorize the official receiving the*
230  *obligation to collect or sell the obligation if the person defaults on a required condition. (b) (1) An official*
231  *receiving an eligible obligation under subsection (a) of this section may deposit it with— (A) the*
232  *Secretary of the Treasury; (B) a Federal reserve bank; or (C) a depositary designated by the Secretary.*
233  *(2) The Secretary, bank, or depositary shall issue a receipt that describes the obligation deposited.  (c)*
234  *Using an eligible obligation instead of a surety bond for security is the same as using—*
235  *(1) a personal or corporate surety bond; (2) a certified check; (3) a bank draft; (4) a post office money*
236  *order; or (5) cash.*
237  **Commercial Affidavit:**
238  *I, James Williams, affiant, real party of interest and grantor/beneficiary for JAMES A WILLIAMS*
239  *TRUST do hereby certify and affirm on my full commercial liability, that I have read the foregoing and*
240  *know the content thereof, and that, to the best of my knowledge, understanding, and belief, it is true,*
241  *correct, complete, not misleading, and is the truth, the whole truth, and nothing but the truth under the*
242  *pains and penalties of perjury and International Law.*

243
244
245  *January 31, 2011*
246

247

James Williams, plaintiff
416-944-8494

**Seal/**

ORIGINAL

EXHIBIT 'C'

# In the United States Court of Federal Claims

NOT FOR PUBLICATION

No. 10-753T

(Filed February 9, 2011)

FILED

FEB - 9 2011

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
JAMES A. WILLIAMS TRUST and                   *
JAMES WILLIAMS,                               *
                                              *
                                              *
              Plaintiffs,                     *
                                              *
        v.                                    *
                                              *
THE UNITED STATES,                            *
                                              *
              Defendant.                      *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

Apparently in response to the January 25, 2011 Order to Show Cause, Mr. James Williams has submitted three documents which were received by the Clerk's Office on February 3, 2011. These documents were not filed upon receipt, because each failed to conform to our Court's rules. Two documents -- one entitled "Petition for a Writ of Alternative Mandamus" ("Petition") and the other a declaration of Mr. Williams -- were not filed for two reasons. First, the proof of service for these documents was not attached to each, but instead one certificate covering all three documents was attached to the third document, entitled "Writ of Alternative Mandamus." To avoid delays in filing and associated inconveniences, in the future plaintiff should endeavor to closely follow Rule 5.3(b) of the Rules of the United States Court of Federal Claims ("RCFC"), which requires a certificate of service attached to each copy of each document submitted for filing. The second defect, affecting all three documents submitted, was a failure to include the undersigned's name below the case number, contrary to RCFC 5.5(g). Omission of a judge's name from documents can cause delays in the receipt of these documents in Chambers, and to avoid such delays plaintiff should take care to follow RCFC 5.5(g) when making future submissions.

Although Mr. Williams appears to be confused concerning the manner in which this Court proceeds, and styled two of the documents as relating to a writ that is foreign to this Court, these three documents collectively will be treated as plaintiff's response to the Order to Show Cause. The Clerk's Office is directed to file all three documents as such, as of the date they were originally received (February 3, 2011). These documents all suffer to varying degrees from the

unusual theory held by Mr. Williams that he himself has conjured a court of record and that we merely serve the ministerial function of executing his court's decrees. Acting under this odd notion, Mr. Williams has submitted several documents using forms and titles that have not been recognized by the Clerk's Office as papers that may properly be filed in our proceedings. Lenience as to form is usually permitted *pro se* litigants but, as the Court noted in the Order to Show Cause, an entity, such as the James A. Williams Trust, must be represented by counsel. RCFC 83.1(a)(3).

In his response to the Order to Show Cause, Mr. Williams clarifies that he should himself be considered a party to the case, and requests that he be joined as the real party in interest under RCFC 17(a)(3). *See* Petition at 7-8; Declaration at 3. This request is **GRANTED** and the caption of this case has been changed accordingly. A non-attorney may represent himself and litigate his own interest in the subject matter of a lawsuit in our Court. Whether Mr. Williams has the capacity to represent the Trust, or would even need to do so since he is now a party to the case, may be addressed at a later time. For our purposes, it is enough that an individual who may represent himself is a party to this matter. As the Court's rules provide that the case should be treated as if originally commenced by Mr. Williams, *see* RCFC 17(a)(3), the Court is now in a position to consider whether any of the several documents previously submitted by Mr. Williams, but not initially filed due to failure to conform to our rules, should be filed given the leniency afforded *pro se* litigants. That question will be addressed in a separate order.

Adequate cause has been shown by Mr. Williams, now a party to the proceedings, to not dismiss this case at this time. The stay issued in the Order to Show Cause is hereby **LIFTED**, and the government shall file its response to the complaint on or by **February 16, 2011**.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge

-2-