FILED IN CHAMBERS
U.S.D.C. - Atlanta

NOV 2 6 2013

By: _James_ _McCauee_
                    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES A. WILLIAMS TRUST,

      Plaintiff,

v.

FIFTH THIRD BANK, P. BRIAN,
MOORE, representative, JERMAIN
L. PETTIS, representative,
KIMBERLY R. LOVE,
representative, TROY SMITH,
representative, ADAM HIPPLE,
representative, and DAQUITA
IRONS, representative,

      Defendants.

CIVIL ACTION NO.
1:13-CV-1956-ODE

ORDER

This civil case alleging, inter alia, wrongful dishonor and
fraud, is before the Court on pro se Plaintiff James A. Williams
Trust's ("Plaintiff") motion for relief from order [Doc. 9],
Plaintiff's motion for entry of default [Doc. 10], Plaintiff's
motion for default judgment [Doc. 11], Defendants'[1] motion to
dismiss pursuant to Rule 12(b)(4) and (b)(5) [Doc. 14], and
Plaintiff's motion for judgment [Doc. 16].

---

[1]According to the docket, in addition to Defendant Fifth
Third Bank ("Fifth Third"), the following are named as individual
Defendants in the instant case: P. Brian Moore ("Moore"), Jermain
L. Pettis ("Pettis"), Kimberly R. Love ("Love"), Troy Smith
("Smith"), Adam Hipple ("Hipple"), and DaQuita Irons ("Irons").
Plaintiff's complaint lists "Fifth Third Bank, et al." as
"Defendant(s)," makes numerous references to "Defendant(s), [all
of whom are Fifth Third employees]." It further asserts, inter
alia, that "[a]t all relevant times herein, said Defendant(s) were
acting as individuals and in their official capacity as
representatives of FIFTH THIRD BANK," and that "the Defendant(s),
acting alone and acting in concert with each other" committed the
acts complained of [see, e.g., Doc. 1 ¶¶ 21, 22].

For the following reasons, Plaintiff's motion for relief from order [Doc. 9] is DENIED, Plaintiff's motion for entry of default [Doc. 10] is DENIED, Plaintiff's motion for default judgment [Doc. 11] is DENIED AS MOOT, Defendants' motion to dismiss [Doc. 14] is DENIED AS MOOT, and Plaintiff's motion for judgment [Doc. 16] is DENIED AS MOOT.

## I.  **Background**

The Plaintiff in this case is a trust represented by two individuals: James Williams ("Williams") and Peter Papoulias ("Papoulias"). Williams states he is the "real party of interest and owner/beneficiary for the James A. Williams Trust" ("the Trust"), and Papoulias is the Trust's trustee.

The initial complaint captioned "Complaint and Memorandum in Support of an Immediate Order for Relief" was filed June 12, 2013 [Doc. 1]. The complaint and accompanying exhibits span almost two hundred pages and are replete with a potpourri of legal terms of art and rambling allegations grouped together in a haphazard fashion.

Amidst an avalanche of citations to case law interspersed with excerpts from secondary sources such as law review articles, Plaintiff appears to assert four causes of action: (1) "Theft by Deception; (Fraudulent Concealment and Fraudulent Conveyance)"; (2) "Breach of the Covenant of Good Faith and Fair Dealing"; (3) "Fraud in the Inducement and Fraud in Fact by Deceit"; and (4) "Wrongful Dishonor Analogous to Common-Law Slander ('Trader Rule') and Malice." From what the Court can glean from the complaint, Plaintiff alleges that Defendants debited funds from Plaintiff's commercial banking account with Fifth Third, after

2

Fifth Third improperly identified as fraudulent certain checks deposited into Plaintiff's account and after it returned these checks to their originating bank.

In addition, the complaint incorporates by reference an exhibit labeled "A Special Action for Remedy Ex Necessitate Legis for Commercial Injury, Ultra Vires Act, Criminal Conversion, Fraudulent Mis-representation." Under the conditions of this document, Defendants were "granted ten (10) days to controvert the statements and/or claims made by the Plaintiff." According to the complaint, because Defendants apparently failed to comply with this directive, they "are now in default." The complaint further states:

> [s]ince the defendant(s) admitted the statements and claims by TACIT PROCURATION, all issues are deemed settled RES JUDICATA, STARE DECISIS AND COLLATERAL ESTOPPEL and as a result, JUDGMENT BY ESTOPPEL and not subject to appeal. The Defendant(s) may not argue, controvert, or otherwise protest the finality of the administrative findings in any subsequent process, whether administrative or judicial.

[Doc. 1 ¶¶ 9-11].

On June 17, 2013, Plaintiff filed a motion for an immediate order of relief asserting that Defendants are in default [Doc. 4]. The Court denied Plaintiff's motion on June 24, 2013 due to improper service of process because the complaint was simply mailed to Defendant Pettis and no summons was served on Defendants. Plaintiff was further advised that trusts are not allowed to proceed pro se and that they must be represented by a licensed attorney [Doc. 5].

On July 1, 2013, Plaintiff requested the issuance of two summons, both of which were addressed to "Jermain L. Pettis, Vice

3

President - Business Banking" [Docs. 6 & 7]. On September 25, 2013, Plaintiff filed a proof of service which states that the summons for "Fifth Third Bank" was served on Alisha Smith on September 24, 2013 [Doc. 12]. Ms. Smith is designated to accept service on behalf of Fifth Third.

During the period between July 5, 2013 and October 29, 2013, Plaintiff engaged in excessive motion practice. These motions, alongside Defendants' motion to dismiss [Doc. 14], are now pending before the Court and will be addressed in the order in which they were filed.

## II. Discussion

### A. *Plaintiff's Motion for Relief*

On July 5, 2013, James Williams filed a motion for relief from order [Doc. 9] on behalf of Plaintiff.[2] The motion challenges the Court's statement in its June 24, 2013 Order that trusts are not allowed to proceed pro se. Plaintiff argues that the Trust at issue is not a corporation but is instead a sole proprietorship and that "there is no legal distinction between James Williams (owner) and James A Williams Trust (business trust)" [Doc. 9-1][3]

---

[2]Plaintiff uses an internal numbering system for its motions which is inconsistent with the docket numbers assigned to the documents filed by it. To avoid confusion, any references in the parties' motions to documents filed with this Court must follow the numbering scheme established by the docket in this case.

[3]The motion includes numerous citations to the Internal Revenue Code in an apparent attempt to bolster Plaintiff's contention that the distinction between business trusts and non-commercial trusts is legally relevant for the question of legal representation of trusts.

4

In addition, Plaintiff offers the following explanation regarding its failure to effect proper service: "[t]he Plaintiff did not provide a summons with the complaint because the Plaintiff was seeking an immediate order for relief . . . . The Defendant(s) are in default because they had failed to meet the conditions" of the Special Actions document incorporated in the complaint [Id.].

Rule 60(b) relief from a judgment or order is available for the following reasons, among others: "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1).[4] The Court finds that Plaintiff's motion is completely inappropriate.

To begin with, regardless of whether the trust is a business trust or a non-commercial trust, the Court reiterates that "a trust must be represented in this court by a licensed attorney." See, e.g., In re Darren Buckner Living Trust, No. 12-70036-MHM, 2012 WL 5334749, at *1 (Bankr. N.D. Ga. Oct. 5, 2012); Heavenly Crown Trust v. US Auto Fin. Inc., No. 1:12-CV-192-SCJ, Doc. 5 at 6 n.3 (N.D. Ga. Feb. 8, 2012) (Baverman, Mag. J.) ("An artificial entity, such as a trust, must be represented by an attorney." (citations omitted)), adopted by Doc. 6 (N.D. Ga. Feb. 28, 2012)(Jones, J.).

Accordingly, Plaintiff is ORDERED to retain counsel who shall enter a notice of appearance with this Court. Failure to do so within thirty (30) days from the date of entry of this Order will result in this case being dismissed.

---

[4]Based on the "Affidavit in Support of [the] Motion for Relief," it appears that Plaintiff challenges this Court's June 24, 2013 Order based on subsection (b)(1) of the rule.

5

Turning next to Plaintiff's stated justification for its failure to properly serve Defendants, the Court notes that, as of the time Plaintiff filed the instant motion, he had not made an attempt to properly serve any of the Defendants. Proper "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). Accordingly, Plaintiff's motion for relief from order [Doc. 9] has no merit and is hereby DENIED.

## B.   *Plaintiff's Motions for Entry of Default and for Default Judgment*

On August 6, 2013, James Williams filed the instant motion for entry of default [Doc. 10] on behalf of Plaintiff, alleging again that Defendants were served with a copy of the summons and complaint on July 5, 2013 and that they are in default due to their failure to file an answer.

As indicated above, the docket reflects that the two summons referenced in the motion were issued on July 1, 2013 [Docs. 6 & 7]. Both were addressed to Jermain L. Pettis, Vice President - Business Banking of Fifth Third. However, there is no indication that the summons, along with the complaint, were actually served on Defendant Pettis as no proof of service as to Defendant Pettis was ever filed. In addition, Plaintiff has not demonstrated that proper service of process was effectuated with respect to any of the remaining Defendants. Accordingly, Plaintiff's motion for entry of default [Doc. 10] is DENIED.

6

Plaintiff's August 14, 2013 motion for entry of judgment for default [Doc. 11] filed by Papoulias on behalf of Plaintiff is DENIED for the same reasons.

### C. Plaintiff's "Order"

On October 3, 2013, Plaintiff submitted an order (the "order") purportedly filed by this Court.[5] The "order" directs the Court to take judicial notice of twelve assertions which will be grouped as follows for the sake of clarity: (1) Group One (statements 2, 3, 4, and 6)--these statements consist of quotations from case law discussing sovereignty and the role of courts; (2) Group Two (statements 8, 9, and 10)--these statements include quotations from authority addressing the difference between business trusts and ordinary trusts; (3) Group Three (statements 1 and 7)--these statements assert that "James Williams is the grantor/beneficiary" and "real party of interest" for James A Williams Trust," that "James A Williams Trust . . . is a sole proprietorship," and that "[t]here is no legal distinction between James Williams (owner) and James A Williams Trust (business trust)"; and (4) Group Four (statements 11 and 12)--in these statements, Plaintiff contends that the cases on which the June 24, 2013 Order relied for its determination that a trust must be represented are distinguishable, and that Plaintiff's June 17, 2013 motion for immediate order for relief is ripe for review.

The second part of the "order" contains already familiar assertions with a slightly new twist--namely, that Plaintiff's

---

[5]That document was also submitted by Papoulias on behalf of Plaintiff.

service on Defendants was proper under Rule 4(h) or under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Plaintiff further requests an "immediate order," (presumably as to its June 17, 2013 immediate order). Finally, the "order" directs the Clerk to remove the individual defendants in the instant case because "Plaintiff did not list the employees in their individual capacity."

The Court construes the instant "order" [Doc. 13] as a motion for judicial notice which it DENIES in its entirety. Under Federal Rule of Evidence 201 the Court "must take judicial notice [of an adjudicative fact] if a party requests it and the court is supplied with the necessary information." FED. R. EVID. 201(c). However, the Court may not take judicial notice of a fact unless it is "generally known within the trial court's territorial jurisdiction; or [it] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

First, Group One consists of a plethora of generic statements concerning the sovereign and the functions of the courts. Plaintiff does not expressly state the facts of which it requests judicial notice.[6]   In addition, many of the citations lack the page number and/or the year of decision. Because Plaintiff has not provided it with the necessary information, the Court is

---

[6]For instance, Plaintiff may be requesting judicial notice of the definition of "a court of record" under federal law, or it may be requesting judicial notice of the same definition under state law.   The Court is unable to glean Plaintiff's specific requests from its citations to both federal and state law.

8

unable to take judicial notice of the purported facts stated in Group One.

As to the statements contained in Group Two, Plaintiff urges the Court to take judicial notice of the difference between business and non-commercial trusts and of the conclusion that business trusts need not be represented by a licensed attorney. However, the latter is not a fact generally known within the trial court's jurisdiction, nor can it be readily determined. On the contrary, under the well-established rule stated above, trusts are not allowed to proceed pro se.

Next, Plaintiff has not supplied sufficient information with respect to the assertions included in Group Three, and the last statement in that group--namely, that there is no legal distinction between James Williams (owner) and James A Williams Trust (business trust)--is ill-suited for judicial notice.

Finally, although the Court may take judicial notice of the fact that Plaintiff's motion for immediate order for relief was filed with this Court on June 12, 2013, the remainder of the statement--i.e., that the motion is "ripe for review"--is simply wrong, as this motion was denied on June 24, 2013 [Doc. 5]. Accordingly, Plaintiff's motion for judicial notice [Doc. 13] is DENIED.

To the extent Plaintiff contends in its "order" that the individual Defendants are not properly listed as Defendants in the instant case and requests that the caption of the complaint be amended, that request is DENIED until such time as Plaintiff retains counsel to represent it in this case.

9

### D.   *Defendants' Motion to Dismiss*

On October 15, 2013, Defendants filed a motion to dismiss [Doc. 14] in lieu of filing answers.  Defendants urge the Court to dismiss Plaintiff's case for two reasons: (1) the Trust has failed to retain proper legal counsel; and (2) Plaintiff has failed to properly serve process on all Defendants.

Plaintiff responded to the motion on October 29, 2013 [Doc. 15].  On the same day, Plaintiff filed a motion for judgment [Doc. 16].  Both the response and the motion are captioned "Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss and Demand for Entry of Judgment" and are identical.

"Plaintiff's Memorandum" appears to be a combination of a motion to strike Defendants' motion to dismiss because "it is a substantive and procedural nullity, frivolous on its face" and a restatement of arguments already advanced in Plaintiff's earlier motions.   Plaintiff does, however, also address Defendants' argument that they were not properly served with process.

As an initial matter, Defendants failed to serve Plaintiff with a copy of their motion to dismiss.  Defendants' Certificate of Service accompanying the motion states that they served the motion on Plaintiff "by using the CM/ECF system, which automatically sends e-mail notification of such filings" to the parties of record.  This is incorrect.  Although CM/ECF filing and subsequent electronic notification can constitute service on other attorney filers in the CM/ECF system, it is insufficient for most pro se plaintiffs, who, unless they have otherwise consented in writing, must be served under Federal Rule of Civil Procedure 5(b)(2).   See LR 5.1A(3), NDGa.; FED. R. CIV. P. 5(b)(2).

10

Defendants did not properly serve Plaintiff with their motion; thus, it is not properly before the Court.[7]   However, because Plaintiff has failed to effectuate proper service on Defendants, instead of striking Defendants' motion from the record, the Court DENIES IT AS MOOT [Doc. 14].

To the extent Plaintiff's response can be construed as a motion to strike Defendants' motion from the record, Plaintiff's motion [Docs. 15 and 16] is also DENIED AS MOOT.[8]

### E.   *Plaintiff's Service on Defendants Is Defective*

Federal Rule of Civil Procedure 4 mandates that "[a] summons must be served with a copy of the complaint."   FED. R. CIV. P. 4(c)(1).   In addition, "[a] summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served."   FED. R. CIV. P. 4(b).

In the instant case, both summons issued on July 1, 2013 were addressed to "Jermain L. Pettis, Vice President - Business Banking." On September 24, 2013, Plaintiff served the summons on

---

[7]Defendants apparently recognized their mistake as their reply to Plaintiff's response was served properly [Doc. 17]. However, the proper filing of the reply brief does not cure Defendants' initial omission.

[8]In addition, the cover page of "Plaintiff's Memorandum" lists the following motions: motion to strike Defendant's [sic]; motion to dismiss, Rule 12(f); and entry of judgment, Rule 56."

As stated above, assuming that Plaintiff moves to strike Defendants' motion to dismiss, Plaintiff's motion to strike [Doc. 16] is DENIED AS MOOT.   Its motion to dismiss pursuant to Rule 12(f) is improper because Rule 12(f) pertains only to pleadings. FED. R. CIV. P. 12(f).   As such, it is DENIED.   Finally, to the extent Plaintiff moves for summary judgment under Rule 56, that motion is DENIED as Plaintiff has not complied with the requirements set forth in Local Rule 56.1.   LR 56.1, NDGa.

11

Alisha Smith, who is authorized to accept service for Defendant Fifth Third but not for Defendant Pettis. No further attempts to serve Fifth Third, Pettis, or the remaining Defendants were made.

Rule 4(e)(2)(A) sets forth three methods for perfection of service upon an individual. Plaintiff's September 24, 2013 service fails to comply with any of them because Pettis was not served with both the summons and the complaint personally, by leaving a copy at his residence, or by delivering a copy to his agent. See FED. R. CIV. P. 4(e)(2)(A).[9]

Plaintiff's service on Defendant Fifth Third is also defective because the July 1, 2013 summons was addressed to Defendant Pettis, rather than to Defendant Fifth Third. Finally, Plaintiff has failed to make any attempt to serve the remaining Defendants in this case. Accordingly, the Court finds that Plaintiff has failed to effectuate proper service on any of the Defendants in the instant lawsuit.

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Here, well over 120 days have passed since the complaint was filed. Nevertheless--and notwithstanding its unwavering position that service in this case was proper--Plaintiff did at

---

[9]Plaintiff contends that Defendant Pettis' statement that he received the complaint in late June of 2013 is tantamount to an acknowledgment that Pettis accepted service. Because no summons was issued until July 1, 2013, this argument is rejected.

least attempt to comply with this Court's June 24, 2013 Order. Therefore, the Court will not dismiss Plaintiff's case at this time.   <u>Horenkamp v. Van Winkle & Co.</u>, 402 F.3d 1129, 1132 (11th Cir. 2005)("Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause.").

## III. <u>Conclusion</u>

For the reasons stated above, Plaintiff's motion for relief from order [Doc. 9] is DENIED, Plaintiff's motion for entry of default [Doc. 10] is DENIED, Plaintiff's motion for default judgment [Doc. 11] is DENIED AS MOOT, Defendants' motion to dismiss [Doc. 14] is DENIED AS MOOT, and Plaintiff's motion for judgment [Doc. 16] is DENIED AS MOOT.

Plaintiff is ORDERED to retain counsel who shall enter a notice of appearance with this Court.   Failure to do so within thirty (30) days from the date of entry of this Order will result in this case being dismissed without prejudice.     Proper service on each Defendant in this case shall be effected within fourteen (14) days from the date of entry of said notice of appearance.

SO ORDERED, this 26 day of November, 2013.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

13