IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES A. WILLIAMS TRUST,

    Plaintiff,

vs.

FIFTH THIRD BANK, P. BRIAN MOORE, *representative*, JERMAIN L. PETTIS, *representative*, KIMBERLY R. LOVE, *representative*, TROY SMITH, *representative*, ADAM HIPPLE, *representative*, and DAQUITA IRONS, *representative*,

    Defendants.

CIVIL ACTION NO.
1:13-CV-1956-ODE

_____/

**DEFENDANTS FIFTH THIRD BANK, NATIONAL ASSOCIATION'S, BRIAN P. MOORE'S, JERMAIN L. PETTIS'S, KIMBERLY R. LOVE'S, TROY SMITH'S, ADAM HIPPLE'S, AND DAQUITA IRONS'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Fifth Third, an Ohio banking corporation ("Fifth Third"), Brian P. Moore ("Moore"), Jermain L. Pettis ("Pettis"), Kimberly R. Love ("Love"), Adam Hipple ("Hipple"), and Daquita Irons ("Irons" and collectively with Fifth Third, Moore, Pettis, Love, Hipple, and Irons, the "Defendants"), defendants in the above-captioned case, hereby file their Response Brief in Opposition to Plaintiff's Motion for Reconsideration, respectfully showing the Court the following:

28733300.1

I.   INTRODUCTION

On November 26, 2013, the Court ruled on several motions filed by the James A. Williams Trust (the "Trust") and Defendants' motion to dismiss (the "Order"). In the Order, the Court (1) ordered the Trust to retain counsel within thirty (30) days of the Order, (2) found that the Defendants have not been served with process, and (3) denied the Trust's request for summary judgment embedded in its response to Defendants' motion to dismiss. (Order, DE 19, at 13).

The Trust's present motion for reconsideration is a compilation of arguments contained in the various filings that were subject to the Order. The Trust provides no new evidence or legal authority to overcome its substantial burden of showing that it may proceed in this action without a licensed attorney; it does nothing to show that it properly served any of the Defendants; and, the Trust provides no arguments or facts on which the Court can reconsider its denial of the Trust's request for summary judgment. As the Trust is unable to meet its evidentiary burden, the Court should deny the Trust's motion for reconsideration in its entirety.

II.   ARGUMENT

A.   **Standard for Motion for Reconsideration**

Whether to grant a motion for reconsideration is vested in the district court's sound discretion as the grant of such a motion is an "extraordinary remedy to be

employed sparingly." *Fla. Ass'n of Rehabilition Facilities, Inc. v. State of Fla. Dept. of Health and Rehabilitative Servs.*, 225 F.3d 1208, 1216 (11th Cir. 2000). A court should only grant a motion for reconsideration if: 1) there has been an intervening change in controlling law; 2) the party discovers new evidence; or 3) reconsideration is needed to correct clear error or prevent manifest injustice. *Cox Communications, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 1:09-CV-410-TWT, 2010 WL 5092282, *1 (N.D. Ga. Dec. 8, 2010). Denial of a motion for reconsideration is especially appropriate where the moving party "has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation." *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998). Plaintiff has not met any requirement necessary to support reconsideration.

**B.     Only an Attorney Can Represent the Trust**

This Court correctly found in its Order that the Trust "must be represented in this court by a licensed attorney" in the instant litigation. (Order, DE 19, at 5). Whether the Trust is a "business trust" or a "non-commercial trust" did not and does not now change the Court's holding. (*Id.*) Similarly, the Trust's argument that it is a trust which should be afforded treatment as a sole proprietorship also does not serve as a basis for reconsideration as it is the same argument that the Trust made in numerous previous filings. (DE 13 at 4-7; DE 15 at 6-7).

Nowhere in its motion does the Trust cite to any legal authority in which any court treated any form of a trust as a sole proprietorship. Without such treatment, the Trust cannot overcome the fact that in this Circuit a trust must be represented by a licensed attorney. *E.g.*, *In re Darren Buckner Living Trust*, No. 12-70036-MHM, 2012 WL 5334749, *1 (Bankr. N.D. Ga. Oct. 5, 2012); *U.S. v. Lena*, No. 05-80669-CIV, 2007 WL 4578336, * 1 (S.D. Fla. Dec. 27, 2007); *see also Hays v. Hamblen Family Irrevocable Trust (In re Hamblen)*, 360 B.R. 362 (Bankr. N.D. Ga. 2006). Moreover, the Trust and its representatives, James Williams and Peter Papoulias, have all been previously ordered to obtain legal counsel when proceeding in federal court. *See* Order, *James A. Williams Trust, et al. v. U.S.*, 1:10-cv-00753-VJW, DE 27 (Fed. Cl. Dec. 29, 2011) (DE 17-1); *see also* Order, *Peter T. Papoulias Trust v. U.S.*, No. 1:13-CV-2110-TWT, at 2 (N.D. Ga. Dec. 3, 2013) (dismissing suit brought by trust, in part, on basis that the plaintiff trust "must be represented by an attorney admitted to practice in this district"), attached as **Exhibit A**.

The Trust's motion should be denied as neither James Williams, Peter Papoulias, nor anyone other than a licensed attorney should be permitted to represent the Trust in this Court.

**B.     The Trust Failed to Perfect Service of the Defendants.**

In the Order, the Court found that Trust "failed to effectuate proper service

on any of the Defendants." (DE 19 at 12). Now, the Trust requests that this Court reconsider its decision concerning the failed service of the Defendants, notwithstanding the fact that the Trust has done nothing but repeat previously unsuccessful arguments.

The Trust had ample opportunity to perfect service of Defendants within 120 days of filing the Complaint. On June 24, 2013, the Court put the Trust on notice that its sole attempt to serve all Defendants was deficient ("June 2013 Order," DE 5). Nevertheless, the Trust failed to comport with the June 2013 Order by timely serving Defendants.

Acknowledging the deficiencies in its previous service efforts, the Trust nevertheless continues to demonstrate its failure to comply with federal and Georgia personal service requirements. Perfection of service of Defendant Pettis has not occurred by any method outlined in Rule 4(e)(2)(A)— a fact the Trust avoids in its motion for reconsideration. Undeniably, Defendant Pettis has not been served with both the Summons and the Complaint (1) personally, (2) by leaving copies at his home, or (3) by delivering copies to a designated agent. Fed. R. Civ. P. 4(e)(2)(A); *See Etris v. Snyder*, No. 2:10-CV-00113-RWS, 2013 WL 692811, *3 (N.D. Ga. March 1, 2013). The Trust's attempt to serve Defendant Pettis by serving "Alisha Smith" did not constitute proper service as Ms. Smith is not

Defendant Pettis's agent. (Pettis Decl., DE 14-1, at ¶¶ 10-11). The Court correctly ruled that Defendant Pettis has not been served with process. (Order, DE 19, at 1)

Likewise, the Trust's service attempt of Defendant Fifth Third with a defective Summons also fails. The Trust cannot deny that the only summons the Trust obtained in this case was "addressed to Defendant Pettis, rather than Defendant Fifth Third," as found by this Court. (*Id.* at 12). Nevertheless, the Trust continues to argue that its service of Defendant Pettis constituted service of Defendant Fifth Third. (Motion, DE 21, at 11-12). In support of this flawed argument, it cites to *Henderson v. Cherry, Bekaert & Holland*, 932 F.2d 1410, 1411 (11th Cir. 1991). In *Henderson*, an employee of a partnership was personally served with Summons and Complaint. *Id.* The Eleventh Circuit found that the partnership's manager was authorized to accept service on the defendant's behalf and, thus, that the plaintiff perfected service vis-à-vis personal service. *Id.* at 1412.

The factual scenario in *Henderson* is distinguishable from what occurred in this case for two reasons. First, the Trust did not personally serve Mr. Pettis with Summons and Complaint, as had occurred in *Henderson*. Instead, the service that occurred on September 23, 2013 was an attempt to serve Mr. Pettis through the registered agent for Defendant Fifth Third. Such a service attempt does not comply with Rule 4(h). Second, the Summons that the Trust served on Ms. Smith was

directed at "Jermain L. Pettis- Vice-President- Business Banking," a defendant in this action. (DE 6, DE 14-1 at 3). The Trust cannot— and does not— deny that this Summons was defective as it was directed at Defendant Pettis, not Defendant Fifth Third. Such a defect constitutes insufficient process. *See Sanderford v. Prudential Ins. Co. of America*, 902 F.2d 897, 898 (11th Cir. 1990).

The Trust simply has not met its burden of establishing that it perfected service on any of the Defendants— a necessary requirement for its motion for reconsideration. Accordingly, the Court's previous ruling concerning the Trust's failure to effectuate proper service should stand.

C. **The Trust's Demand for "Summary Judgment" Fails.**

In its motion for reconsideration, the Trust requests that the Court reconsider its denial of the Trust's "motion for summary judgment." (Motion, DE 21 at 3 and 24). Such request is unsupported by any legal authority or any factual basis on which the Court could reconsider its decision as to summary judgment, rendering the Trust's present request defective for the same reasons already found by this Court in the Order. (Order, DE 19, at 11).

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether a genuine issue of material fact exists, the Court must view all evidence in the light most favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986); *Matshuita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348 (1986). In the present case, the Trust has not only failed to establish <u>any</u> material fact but it has failed to assert <u>any</u> argument to support a judgment as a matter of law.

As outlined in L.R. 56.1(b), motions for summary judgment "shall include… a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried." Additionally, each alleged material fact must be separately numbered and "supported by a citation to evidence of such fact." *Id.* In fact the L.R. 56.1(B)(1) specifically states that "the court will not consider any fact" that: (a) is not supported by a citation to evidence, (2) supported only by citation to a pleading rather than to evidence, (3) is stated as an issue or legal conclusion, or (4) is only stated in a brief and not in the statement of facts. The Trust's present motion fails to comply with any aspect of Local Rule 56.1.

The Trust's claim for summary judgment further misses the mark as it fails to outline which claim(s) on which it seeks summary judgment. Nowhere does the Trust outline the claim(s) on which it seeks judgment as a matter of law.

Only as an afterthought, does the Trust reference its alleged entitlement to summary judgment.

Without the establishment of any facts properly supported by citations to evidence, there can be no undisputed material facts. Moreover, the Trust has not established any claim on which it can prevail as a matter of law. Thus, the Court should deny the Trust's request for summary judgment.

**D.    CONCLUSION**

The Trust has failed to carry its evidentiary burden to warrant reconsideration of the Court's November 26, 2013 Order. First, neither James Williams nor Peter Papoulias may represent the Trust in this matter. Second, the Trust failed to properly serve Defendants. Third, the Trust fails to provide any basis on which the Court could reconsider its previous denial of the Trust's request for "summary judgment." The motion for reconsideration should be dismissed.

Respectfully submitted this 18th day of December, 2013.

[*Signature on following page*]

        **CARLTON FIELDS, P.A.**

        */s/ F. Xavier Balderas*
        Walter H. Bush
        Georgia Bar No.: 098825
        F. Xavier Balderas
        Georgia Bar No.: 705136
        One Atlantic Center
        1201 West Peachtree Street, Suite 3000
        Atlanta, GA  30309
        wbush@carltonfields.com
        xbalderas@carltonfields.com
        Telephone:   404.815.3400
        Facsimile:    404.815.3415

        ***Attorneys for Defendants***

## LOCAL RULE 7.1(D) CERTIFICATION

Pursuant to Local Rule 7.1(D), I hereby certify that this brief has been prepared with Times New Roman, 14 point.

        */s/ F. Xavier Balderas*
        F. Xavier Balderas

28733300.1          - 10 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES A. WILLIAMS TRUST,

    Plaintiff,

vs.

FIFTH THIRD BANK, P. BRIAN MOORE, *representative*, JERMAIN L. PETTIS, *representative*, KIMBERLY R. LOVE, *representative*, TROY SMITH, *representative*, ADAM HIPPLE, *representative*, and DAQUITA IRONS, *representative*,

    Defendants.
_____/

CIVIL ACTION NO.
1:13-CV-1956-ODE

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing ***DEFENDANTS FIFTH THIRD BANK, NATIONAL ASSOCIATION'S, BRIAN P. MOORE'S, JERMAIN L. PETTIS'S, KIMBERLY R. LOVE'S, TROY SMITH'S, ADAM HIPPLE'S, AND DAQUITA IRONS'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION*** on the parties identified below by first-class mail:

    James A. Williams Trust
    c/o Peter T. Papoulias, Trustee
    4175 Breckenridge Court
    Alpharetta, Georgia 30005

This 18th day of December, 2013.

    /s/ F. Xavier Balderas
    F. Xavier Balderas