FILED IN CHAMBERS
U.S.D.C. - Atlanta

FEB 05 2014

By: AM Cawi

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES A. WILLIAMS TRUST,

    Plaintiff,

v.

FIFTH THIRD BANK, P. BRIAN MOORE, *representative*, JERMAIN L. PETTIS, *representative*, KIMBERLY R. LOVE, *representative*, TROY SMITH, *representative*, ADAM HIPPLE, *representative*, and DAQUITA IRONS, *representative*,

    Defendants.

CIVIL ACTION NO.
1:13-CV-1956-ODE

ORDER

This civil action is before the Court on James A. Williams Trust's ("Plaintiff" or "the Trust") motion for reconsideration [Doc. 20]. For the reasons discussed below, Plaintiff's motion [Doc. 20] is DENIED.

I. **Background**

Plaintiff in this case is a trust represented by two individuals: James Williams ("Williams") and Peter Papoulias ("Papoulias").[1] On June 12, 2013, Plaintiff, proceeding pro se, filed a complaint against Fifth Third Bank ("Fifth Third") and several of its employees (collectively, "Defendants") alleging, inter alia, wrongful dishonor and fraud.

On June 17, 2013, Plaintiff filed a motion for an "immediate order of relief," asserting that Defendants were in default [Doc.

---

[1] In the instant motion, Plaintiff argues that it is not being represented by Papoulias and that "[t]he only paperwork that . . . Papoulias signed was the Certificate of Service" [Doc. 20-1].

4]. On June 24, 2013, the Court denied Plaintiff's motion due to improper service of process on Defendants. Plaintiff was also advised that trusts are not allowed to proceed pro se and that they must be represented by a licensed attorney [Doc. 5].

During the period between July 5, 2013 and October 29, 2013, Plaintiff filed numerous, largely repetitive, motions, challenging the Court's determination that trusts are not allowed to proceed pro se and seeking an entry of default and a default judgment against Defendants based on Plaintiff's attempts to serve some of Defendants during that time.

The motions were denied on November 26, 2013 [Doc. 19], and Plaintiff was ordered to obtain counsel within thirty (30) days of the Order. The Court also determined that Plaintiff had not perfected service on any of the Defendants. First, both summons issued on July 1, 2013 were addressed to "Jermain L. Pettis, Vice President - Business Banking."[2] Second, Plaintiff's September 24, 2013 attempt to serve the summons on one Alisha Smith was deficient because Ms. Smith was authorized to accept service for Defendant Fifth Third but not for Defendant Pettis. Third, the September 24, 2013 service failed to comply with any of the three methods for perfection of service upon an individual set forth in Rule 4(e)(2). See FED. R. CIV. P. 4(e)(2). Finally, Plaintiff made no attempt to serve the remaining Defendants in this lawsuit [Doc. 19 at 4-6].

---

[2]Jermain L. Pettis ("Pettis") is one of the individual Defendants in the instant case.

2

Even though none of the Defendants in the instant case were properly served within the 120-day period proscribed by Rule 4(m), the Court granted Plaintiff a discretionary extension to complete service.[3] Plaintiff's remaining motions contained in his response to Defendants' motion to dismiss and in a separate document entitled "MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS, Rule 12(f) ENTRY OF JUDGMENT, Rule 56" [Docs. 15 and 16] were denied. Specifically, with respect to Plaintiff's request for "entry of judgment, Rule 56," the Court found that Plaintiff has not complied with the requirement set forth in Local Rule 56.1 [Doc. 19 at 11 n.8].[4]

II. **Discussion**

   A. *Legal Standard*

"Motions for reconsideration shall not be filed as a matter of routine practice." LR 7.2E, NDGa. Motions for reconsideration should only be filed when "absolutely necessary." Id. It is only "absolutely necessary" for the Court to reconsider a previous ruling when there is: "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003)(Martin, J.). A motion for reconsideration should not be used to "repackage familiar arguments to test whether the Court will change its

---

[3]The extension was conditioned on Plaintiff obtaining counsel and on filing of a notice of appearance by the latter.

[4]Local Rule 56.1 requires a movant for summary judgment to "include with the motion and brief a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried." See LR 56.1B(1), NDGa.

mind." Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)(Murphy, J.)(internal citations omitted).

### B.  *Analysis of Plaintiff's Motion*

The instant motion filed December 3, 2013 [Doc. 20] was submitted by Williams as the "real party in interest and owner" of the Trust. In its memorandum in support of the motion, Plaintiff not only seeks to vacate the November 26, 2013 Order, but it also expressly requests that the Court grant its motion for summary judgment [Doc. 16].

Relying on an out-of-circuit legal standard governing motions for reconsideration, Plaintiff asserts that the November 26, 2013 Order was "clearly erroneous and would work a manifest injustice" [Doc. 20-1 at 4].

Plaintiff first challenges the Court's Order directing Plaintiff to obtain counsel. According to Plaintiff, "[t]he record shows that [Plaintiff] had stipulated that JAMES A WILLIAMS TRUST is a sole proprietorship [and not a corporation]" [Doc. 20-1 at 5]. Plaintiff argues that, because sole proprietorships may litigate pro se and because there is no legal distinction between Williams (as the owner of the Trust) and Plaintiff, Williams should be allowed to represent Plaintiff pro se in this Court [Doc. 20-1 at 5-11].

Plaintiff's motion simply rehashes previous arguments and fails to identify any obvious error of law. Specifically, Plaintiff has not presented any controlling authority that equates certain trusts to sole proprietorships for purposes of representation by counsel. In addition, Plaintiff and its

4

representatives Williams and Papoulias have been previously ordered to obtain legal counsel by at least two other courts.[5]

Next, Plaintiff restates its argument that Defendant Fifth Third was properly served on September 24, 2013.[6] As determined

---

[5] See James A. Williams Trust, et al. v. United States, 1:10-cv-00753-VJW, *at 3 n.5 (Fed. Cl. Dec. 29, 2011) [Doc. 27]; see also Peter T. Papoulias Trust v. United States, No. 1:13-CV-2110-TWT, at 2 (N.D. Ga. Dec. 3, 2013)(Thrash, J.)(dismissing a suit seeking an income tax refund brought by Peter Papoulias as the "real party in interest and grantor/beneficiary" of the plaintiff trust, in part, on the basis that the plaintiff trust "must be represented by an attorney admitted to practice in this district.") [Docs. 1-1; 11].

In the instant motion, Plaintiff states that it has "provided evidence showing that the U.S. Court of Claims and U.S. Court of Appeals for the Federal Circuit agree that [the Trust] is a sole proprietorship . . . and that [both courts] have allowed [Williams to represent the Trust]" [Doc. 20-1 at 8].

Plaintiff's efforts to infer a general rule treating certain trusts as sole proprietorships from the mere fact that courts have allowed Williams "to file paperwork on behalf" of the Trust fails. In fact, although the case filed by Plaintiff in the United States Court of Federal Claims was dismissed on other grounds, the court there expressly noted: "Under Rule 83.1(a)(3) [of the Rules for the United States Court of Federal Claims,] Mr. Williams may not represent the interests of the trust in a pro se capacity, in any event." James A. Williams Trust, et al. v. United States, 1:10-CV-00753-VJW, *at 3 n.5 (Fed. Cl. Dec. 29, 2011) [Doc. 27]. Plaintiff subsequently appealed the district court's decision. That appeal is still pending in the United States Court of Appeals for the Federal Circuit. See James A. Williams Trust v. United States, 2012-5070 (Fed. Cir.).

[6] Plaintiff reiterates his assertion that the Clerk of Court inadvertently changed the caption of the case by adding as individual Defendants in the instant case certain Fifth Third employees listed in the introductory section and the body of the complaint [Doc. 20-1 at 12].

In its November 26, 2013 Order, the Court considered Plaintiff's contention that the individual Defendants are not properly named Defendants. Plaintiff's request seeking to amend the caption of the complaint was denied, but only until such time as Plaintiff obtains counsel to represent it in this lawsuit. Accordingly, Plaintiff will have the opportunity to seek leave to

5

in the November 26, 2013 Order, however, although Ms. Smith was authorized to accept service on behalf of Fifth Third, both summons issued on July 1, 2013 were addressed to Defendant Pettis [Docs. 6 & 7].[7]  Plaintiff's remaining service-of-process arguments have already been considered by the Court and were rejected as baseless.

Finally, Plaintiff characterizes the November 26, 2013 Order as one "based on facts inaccurately stated, fabricated and does not follow the controlling precedent" [Doc. 20-1 at 21]. However, Plaintiff does not identify any set of facts that were purportedly misstated or fabricated, nor does it mention any relevant "controlling precedent" that was disregarded in the November 26, 2013 Order.

In summary, Plaintiff's brief fails to address how any of the three circumstances warranting reconsideration apply to the present motion. Therefore, Plaintiff's motion for reconsideration [Doc. 20] is DENIED. In addition, Plaintiff has not explained why

---

amend the caption of the complaint as soon as its counsel enters a notice of appearance with this Court.

[7]Plaintiff asserts that Fifth Third's "statement that Fifth Third was not named as the Defendant on the July [1], 2013 summons is erroneous, scandalous and vexatious" [Doc. 20-1 at 16]. However, this contention is undercut by the July 1, 2013 summons themselves, both of which state, in pertinent part:
    To: (Defendant's name and address)
    Jermain L. Pettis, Vice President - Business Banking
    Fifth Third Bank - Buckhead
    Sovereign Building
    3344 Peachtree Rd. - Suite 800
    Mail Drop X46306
    Atlanta, GA 30326
A lawsuit has been filed against you. . . . [Docs. 6 & 7].

6

its procedurally defective motion for summary judgment should be granted. As such, that request is also denied.

### III. Conclusion

For the reasons discussed above, Plaintiff's motion for reconsideration [Doc. 20] is DENIED. Plaintiff is ORDERED to retain counsel and effect service in accordance with this Court's November 26, 2013 Order [Doc. 19]. The Clerk is DIRECTED to enter a DISMISSAL WITHOUT PREJUDICE in the instant case, should Plaintiff's counsel fail to enter a notice of appearance with this Court within thirty (30) days from the date of entry of this Order.

SO ORDERED, this  5  day of February, 2014.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE